**BOWERMAN et al. v. GOODYEAR TIRE & RUBBER CO. et al.**

**BURRIS et al. v. GOODYEAR TIRE & RUBBER CO. et al.**

Civ. Nos. 626, 627.

United States District Court
N. D. Texas, Wichita Falls Division.

May 24, 1952.

L. W. Anderson, Dallas, Tex., Kearby Peery, Wichita Falls, Tex., for plaintiffs.

Fred T. Porter, Leachman, Matthews & Gardere, Dallas, Tex., for defendants.

ATWELL, Chief Judge.

Plaintiffs Bowerman and Pacific Indemnity Company, and plaintiffs Burris and Pacific Indemnity Company, brought these two suits against Goodyear Tire & Rubber Co. Inc., Chrysler Corporation, Chrysler Sales Corporation, and Jensen & Raupe Motor Company, a partnership consisting of E. J. Jensen and J. D. Raupe, for damages alleged to have been sustained in an accident on October 23, 1950, in Montague County, Texas, when an allegedly defective tire manufactured by the defendant, Goodyear, blew out, and caused the accident.

The tire had been placed on the car by the Chrysler Corporation, and sold by the Chrysler Sales Corporation to Jensen & Raupe, and it was retailed by that motor company to a Dr. Blackburn.

The plaintiffs are the employees of the Globe Motor Company of Nocona, Texas, who were testing the car for Dr. Blackburn at the time of the happening.

Different grounds of negligence as to each defendant is alleged by the plaintiffs, but they pray for judgment jointly and severally against the defendants.

The plaintiffs are residents of Texas. Jensen & Raupe are residents of Texas. All of the other defendants are nonresidents of Texas.

The cause was removed from the state court to this court, and the plaintiffs move to remand.

■ Since the passage of Sec. 1441 (c), 28 U.S.C., there was no right of removal of the case from the state court to the Federal court. Under that provision, a separable controversy is no longer adequate ground for removal, unless it constitutes a "separate and independent claim or cause of action". The phrase, "cause of action" must be given a meaning which will accomplish the congressional purpose of limiting and simplifying removal. Where a plaintiff seeks relief for a single wrong arising from an interlocked series of transactions, there is no "separate and independent claim or cause of action".

■ The presence of citizens of Texas on each side, deprives the national court of original jurisdiction and the case must go back to the state court. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

■ Simply stated, the alleged cause of action was a defective tire. The manufacturer, as well as the dealers and sellers thereof, had various obligations toward the purchaser and user and could be joined as defendants, because it was, and is, a case of concurrent negligence. A negligence that is joint and several.

That has long since been the rule with reference to the manufacturer and retailer of articles which were to be eaten and from which damage resulted, not only to the immediate purchaser, but to the person to whom the immediate purchaser gave the product. The theory was an implied warranty as to the actual user.

The former status of this interesting question is somewhat summarized in 60 C.J.S., Motor Vehicles, § 165 beginning at page 502. Other cases which will interest the student, are Shroder v. Barron-Dady Motor Co., Mo.Sup., 111 S.W.2d 66. That case does not help the plaintiff much here. Talley v. Beever & Hindes, 33 Tex.Civ.App. 675, 78 S.W. 23, holds that the purchaser under a warranty of a gadget which exploded and injured the user to whom the gadget had been given by the purchaser, could not hold seller liable.

Those cases, apparently, leave out of consideration the question of implied warranty, as well as the question of public policy, which latter question is italicized in the food decisions.

It may not be out of place to observe that a nation with an hundred and fifty million people who own millions of motor cars, should be protected by the same public policy that protects the user of deleterious food. Incidentally, the independent dealer who sells a latently defective tire would not be liable to the purchaser for injuries caused by a blow out, according

to McLean v. Goodyear Tire & Rubber Co., 5 Cir., 85 F.2d 150.

The dawning of the proper rule, as outlined by the Supreme Court, in American Fire & Casualty Co. v. Finn, supra, is epitomized in 5 Texas Jurisprudence 757, Sec. 142, as well as 2nd Texas Jurisprudence, ten-year supplement, 228, Sec. 259.

 The wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one, or, many; single, or, complex, subjects all parties who engaged in such wrongful invasion to a joint and several action, because the wrong was a joint and several negligence.

It has been properly said in Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069, that, "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show."

The facts in each portion of the instant suits involve the defective tire. That is the single incident of negligence.

In Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788, 791, it was said that, "We are still governed by the local law as to the plaintiff's substantive right and the joint or several character of his claim. The Federal authorities are still potent to the effect that the plaintiff has the right to select the forum; to elect whether to sue joint tort-feasors jointly or separately; and to prosecute his own suit in his own way to a final determination. * * * that the defendant cannot make separate a 'cause of action which the plaintiff has elected to make joint; and the same is true as to all other questions with respect to federal jurisdiction and the statutory remedy of removal. * * * Although there was no concert of action between the tort-feasors, the cumulative effect of their several acts was a single, indivisible injury which certainly would not have resulted but for the concurrence of such acts."

See also Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902; Edwards

v. E. I. DuPont De Nemours & Co., 5 Cir., 183 F.2d 165, 169.

This latter case also states, "To force separate trials in tort claims for personal injuries would militate against speed and economy in the administration of justice. * * * A claim that may be satisfied by the payment of another claim cannot fairly be said to be unrelated thereto, unconnected therewith, or independent thereof."

The motions to remand must be granted.