**WELDON v. LIBERTY NAT. LIFE INS.
CO. et al.**

No. 858–N.

United States District Court
Middle District Alabama, N. D.

May 15, 1953.

---

Godbold & Hobbs, Montgomery, Ala., Glen Curlee, Wetumpka, Ala., for plaintiff.

Lange, Simpson, Robinson & Somerville, Sadler & Sadler and Spain, Gillon, Grooms & Young, Birmingham, Ala., for defendants.

CHARLES B. KENNAMER, District Judge.

Subsection (c) of Section 1441, Title 28 U.S.C., is as follows:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ The above amendment permits the removal of a separate cause of action but not of a separable controversy, as did the old rule, unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of the United States district courts.

■ Congress has, by subsection (c), clearly authorized the removal of an entire suit containing "separate" controversies where properly joined, either under common law rules or under a state practice act, one or more of which would not have been within the jurisdiction of the federal courts if sued on independently. Or, the district court, in its discretion, may remand to the state court all matters not otherwise within its original jurisdiction and keep jurisdiction of that which is within its original jurisdiction.

If the separate controversies are properly joined under a state practice act, the jurisdiction of the federal district court is enlarged.

■ The parties to this litigation are properly joined under the Alabama state practice act, Code 1940, Tit. 7, § 182 et seq. The question remaining for this court to determine is whether a separate and independent claim or cause of action exists. The facts are as follows:

Plaintiff, as the father of his minor daughter who is deceased, alleges that Mrs. Earle N. Dennison made application for an insurance policy on the life of his daughter with each of the above named insurance companies, with Mrs. Dennison named as the beneficiary and who would recover a substantial sum of money in the event of the death of plaintiff's daughter; that the policies of insurance were issued by the defendant companies to Mrs. Dennison; that Mrs. Dennison had no insurable interest in the life of the plaintiff's child; that the defendant insurance companies knew Mrs. Dennison had no insurable interest in the child; that Mrs. Dennison paid the premiums on the policies to the defendant companies; that said policies of insurance issued by the defendant companies were illegal contracts which tended to induce the beneficiary to bring about the death of the plaintiff's child, and thereby the defendant companies concurred or united in proximately contributing to or causing the death of plaintiff's child.

Two of the defendant insurance companies are citizens of the state of Alabama, as is the plaintiff. One of the defendant companies is a citizen of the state of Tennessee.

Plaintiff filed suit in the state court of Elmore County, Alabama; the defendants removed to this court. Plaintiff filed a motion to remand to the state court. The matter is now before this court on the motion to remand, on the ground this court is without jurisdiction to hear and determine the cause because there is not diversity of citizenship between the plaintiff and all defendants, and there is not a separate and independent cause asserted

against the defendant, The National Life & Accident Insurance Company, a Tennessee Corporation.

The defendants, arguing in favor of separate and independent claims or causes of actions, point to the wrongful acts, if any, as being the writing of the insurance policies by separate and unrelated companies, operating through separate and unrelated agents, at separate and unrelated occasions, and therefore separate trials could be had. But, as stated in Edwards v. E. I. Du Pont De Nemours, 5 Cir., 183 F.2d 165, 169, "If separate trials were had, there could be only one full recovery by the injured party, and a partial recovery could be pleaded in partial satisfaction in a subsequent action for the same injury."

 This court is of the opinion that the wrongful act, if one was committed by the defendants, was, as stated by Judge Atwell in Bowerman v. Goodyear, D.C., 105 F.Supp. 119, 121, "The wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one, or, many; single, or, complex, subjects all parties who engaged in such wrongful invasion to a joint and several action, because the wrong was a joint and several negligence."

From the allegations of the complaint, even though there may have been no concert of action between the defendant insurance companies, the cumulative effect of their several alleged illegal acts was a single, indivisible injury, the killing of the plaintiff's minor child, which probably would not have resulted but for the concurrence of such alleged acts. Edwards v. E. I. Dupont De Nemours, supra.

In the absence of a Supreme Court approved test for determining whether there is a separate and independent claim or cause of action under Section 1441(c), this court will make the following test: Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, and recovery upon one of the claims could be pleaded in partial satisfaction in a subsequent action, there is no separate and independent claim or cause of action.

Simply stated, the alleged wrong to plaintiff was the killing of his child. The series of interlocked transactions which caused the single wrong was the alleged illegal acts which induced the beneficiary to kill the child.

The presence of citizens of Alabama on each side, deprives this court of original jurisdiction and the case must go back to the state court. Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788. Bowerman v. Goodyear, D.C., 105 F.Supp. 119, Edwards v. E. I. Du Pont De Nemours, 5 Cir., 183 F.2d 165. Siler v. Morgan Motor Co., D.C., 15 F.Supp. 468.

It is ordered that the plaintiff's motion to remand be, and the same is, granted, and the cause is remanded to the state circuit court of Elmore County, Alabama.