**Corky J. W. HEDGES et al.**

v.

**Richard E. RUDELOFF, as Administrator of the Estate of James A. Harris, Deceased, et al.**

**Civ. A. No. 2009.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Aug. 9, 1961.

Robert D. Nogueira, Beeville, Tex., for plaintiffs.

Lewright, Dyer & Redford, W. N. Woolsey, Corpus Christi, Tex., for defendant Hartford Acc. & Indem. Co.

GARZA, District Judge.

This cause is before the Court on a petition for removal from the 156th Judicial District Court of Bee County, Texas, filed by Hartford Accident & Indemnity Company, one of the defendants in said suit. Plaintiffs have filed a motion to remand.

The background of this cause of action is as follows:

Hartford Accident & Indemnity Company, hereinafter referred to as "Hartford", an insurance company with its domicile in the State of Connecticut, issued a policy of automobile liability insurance, in December 1958, to one James A. Harris. Thereafter, in February 1959, while said policy of insurance was in force, James A. Harris, while driving an automobile not owned by him and not being the one covered by the policy, was involved in an automobile accident with a car in which the plaintiffs were riding. The said Harris was killed in said accident.

Richard E. Rudeloff, hereinafter referred to as "Rudeloff", qualified as Administrator of the Estate of James A. Harris, Deceased. Subsequent to the appointment of Rudeloff, a suit, being Cause No. 9243, was filed in the 156th Judicial District Court of Bee County, Texas, against him as administrator and against certain other defendants alleged to be the employers and/or owners of the automobile being driven by Harris at the time of the collision in question.

The record reflects that the defendant Hartford immediately took the position that they were not liable under the policy of insurance issued to Harris by them for the reason that Harris was driving the automobile in question without the consent of the owners, and that in accordance with their policy of insurance issued to him, he would be covered when driving an automobile other than the one covered by the policy only if he had permission from the owner to drive the same. Hartford agreed to investigate the accident and to defend Rudeloff after they had obtained from him a non-waiver agreement under which Hartford was still insisting that they were not liable under the policy.

Before the trial of the original suit in the State Court, Hartford filed a suit against Rudeloff in this Court, the same being Civil Action No. 1905, seeking a declaratory judgment to the effect that their policy issued to Harris did not cover him at the time of the accident in question. Said suit is still pending in this Court.

Subsequently the original cause filed in the State Court (Cause No. 9243) was tried before the Court without a jury, and a judgment was entered on March 28, 1960, for $32,409.58 in favor of various plaintiffs in various amounts and against Rudeloff as administrator and the other defendants. No appeal was taken from this judgment and it became final as to Rudeloff.

On March 25, 1961, the present suit was filed by the plaintiffs against Rudeloff as administrator, and Hartford, in which it was alleged that a judgment was obtained in the original State Court cause (No. 9243) in the amount above stated, alleging that the policy of insurance issued by Hartford existed, that no payment had been made on the original judgment, and seeking to have Hartford pay the same up to the limits of its policy which the record reflects was $30,000 for all the plaintiffs.

Hartford timely filed its petition for removal and perfected the same. Plaintiffs then proceeded to file Plaintiffs' First Amended Original Petition in the State Court, in which for the first time they asked the State Court to order the meager amount of property in Harris'

estate sold under their judgment lien. Plaintiffs in their motion to remand have included a copy of said Plaintiffs' First Amended Original Petition and have asked leave of the Court to file same before the Court rules on their motion to remand.

Hartford alleges that in considering the motion to remand, this Court has to look at the pleadings as they existed at the time the petition for removal was filed and perfected, and that since no cause of action is shown as against Rudeloff, he was joined for the sole purpose of defeating Federal Court jurisdiction.

■ There is no question that the original petition in the present cause stated no cause of action against Rudeloff, and the position of Hartford is well taken that when a court has before it a motion to remand, the pleadings at the time of the removal are the ones the Court has before it. King v. City of Beaumont, D.C., 296 F. 531, and the cases therein cited by Judge Estes.

Even if this Court should in its discretion allow the filing of Plaintiffs' First Amended Original Petition, the same could not defeat removal to this Court for the reason that under Rule 313, Texas Rules of Civil Procedure, the plaintiff, already having a judgment against Rudeloff as administrator, would of necessity have to go through the Probate Court to collect said judgment.

■ In looking at a motion to remand, the Court has to look at all the pleadings and the record to ascertain just what the cause of action against the one seeking removal is, the cause of action, if any, against other defendants, and whether other defendants are indispensable or necessary parties. In determining whether an action is removable to Federal Court, the Court may re-align parties to reflect their actual interest. Gratz v. Murchison, D.C., 130 F.Supp. 709.

In seeking to enforce the policy of insurance issued to James A. Harris, the plaintiffs of necessity stand in the same shoes as Rudeloff, the administrator of Harris' estate; and for the purpose of enforcing said policy of automobile insurance, Rudeloff in effect becomes a plaintiff, and not a defendant. The cause of action alleged against Hartford by the plaintiffs is one that is separate and apart from any cause of action now in existence against Rudeloff to enforce the judgment given the plaintiffs in the original State Court cause.

This present cause involves exactly the same question as is involved in Civil Action 1905 above referred to and filed by Hartford against Rudeloff for declaratory judgment that the policy issued to Harris in December 1958, did not cover the accident in question.

■ This Court, therefore, finds that Rudeloff is only a formal or nominal party, and in truth and in fact is a plaintiff and not a defendant, and that Hartford has a right to have the cause removed to the Federal Court.

Plaintiffs' motion to remand is therefore denied.

The question of whether the Court should grant leave to plaintiffs to file their First Amended Original Petition becomes academic since even if the same were allowed, that portion of the amended original petition seeking to have certain property in the estate of James A. Harris sold, would have to be dismissed.

■ Under authority granted to this Court by Rule 42(a), F.R.Civ.P., 28 U. S.C.A., this present cause and Civil Action 1905 are hereby consolidated.

Since the defendant Hartford has demanded a jury in Civil Action 2009, these consolidated causes are set down for trial for Monday, October 23, 1961.

The Clerk will notify counsel to prepare an order in accordance with this memorandum opinion.