Frank R. SCHOEN and Dorothy L. Schoen, his wife and Ernest M. Wood and Janice G. Wood, his wife and Frank R. Schoen, Dorothy L. Schoen, Ernest M. Wood, Janice G. Wood, for themselves and all others similarly situated

v.

Charles E. SULTON and Michelle Sulton, his wife.

Charles E. SULTON and Michelle Sulton, his wife

v.

Frank R. SCHOEN et al.

Civ. A. No. 19922.

United States District Court
D. Maryland.

March 14, 1969.

Ronald Willoner, College Park, Md., and Elsbeth Levy Bothe, Baltimore, Md., for plaintiffs and counter-defendants, Schoen and Wood.

Gerald A. Smith, Baltimore, Md., for defendants and counter-plaintiffs.

NORTHROP, District Judge.

This controversy began when the plaintiffs, who are neighbors of the defendants, filed suit to enjoin a nuisance in the Circuit Court of Prince George's County.[1] Defendants petitioned to remove the case to this court pursuant to 28 U.S.C. § 1443(1). After removal to this court the defendants answered and counter-claimed against the original plaintiff and other neighbors. The gist of this entanglement is that Schoen and other neighbors who originally joined in his complaint allege that Sulton and his wife, an interracial couple, have caused incessant turmoil in their neighborhood including arguing, bickering, and assaulting various neighbors culminating in false accusations to the local police, the FBI, and other agencies of the government. Defendants allege in their counterclaim and by way of defense that it is the plaintiffs and other neighbors, motivated by racial prejudice to their marriage, who have threatened and harassed

---

[1] As can be seen by the statement of fact, and as represented by counsel for both sides, this neighborhood conflict has been developing for some time prior to the institution of suit.

them with firecrackers, racial epithets, and other harassing action including false accusations to the Department of Defense (where Sulton works) and the United States Immigration and Naturalization Service (Mrs. Sulton, French by birth, is a naturalized citizen). Schoen and the other original plaintiffs now seek to challenge the propriety of removal of this case to the federal court.

Removal was pursuant to the civil rights' removal provisions of § 1443(1) of Title 28 which read:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof * * *.

It is the position of Schoen that this case can properly be removed only if two qualifications are present: (1) the cause of action instituted in the state court is one which infringes upon civil rights specifically granted or protected by a federal law, and (2) these rights will be denied or cannot be enforced in the state courts. Defendant Sulton and his wife would have us hold that the bringing of this suit in the state court is in itself a denial of the civil rights of the defendants. Sulton contends that this suit has been brought or motivated by racial prejudice to harass Sulton and his wife and, thus, the suit itself is in violation of the defendants' federal civil rights to own and enjoy property and home as guaranteed by 42 U.S.C. § 1982 and 42 U.S.C. § 3617 (§ 817 of the Fair Housing Act of 1968).[2] Defendant also argues that this court must hold an evidentiary hearing (which, as a practical matter, would involve hearing the entire substantive case) to decide if the Schoen suit is motivated by racial prejudice. According to the defendants, if this court so finds racial motivation, it must halt or insure the cessation of further state court proceedings against the Sultons. Counsel for Sulton concedes that under the procedure he has outlined, if the court determines the suit is not racially motivated, then the case must be returned to the state court. In support of his theory, defendant primarily relies upon two cases, Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed. 2d 295 (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

■ Upon consideration of defendants' theory and his authorities, the court emphatically agrees with the plaintiff that the case must be remanded to the state courts. While all citizens have a right to be free from vexatious litigation and, *assuming without deciding* that plaintiffs have a right under federal civil rights' legislation to be free from legal and other harassments in owning and enjoying their home, the mere fact that one party believes that a suit has been brought to vex him is not cause to remove that case to federal court. To remove a case to federal court one must have more than an infringement of a federally-protected civil right; there must be showing that the state courts will not fairly enforce that right, Baines v. City of Danville, 357 F.2d 756 (4th Cir. 1966); Maryland v. Brown, 295 F. Supp. 63 (D.Md.1968). See also House v. Dorsey, 408 F.2d 1008, decided by the

---

2. This section reads: Interference, Coercion, or Intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603(803), 3604(804), 3605(805), or 3606(806). This section may be enforced by appropriate civil action.

United States Court of Appeals for the Fourth Circuit on November 22, 1968.[3]

Here there has been no showing and no allegation that the courts of Prince George's County, Maryland, or any other county[4] are racially prejudiced as to the defendants so as to deny their legitimate federal civil rights or any other rights which they seek to enforce. If after hearing the evidence in this case, the state court determines that the Schoen suit has been brought to vex and harass defendants and is motivated by racial prejudice, it has full judicial power to remedy that wrong. Indeed, whatever decision the state court may reach in this matter as a local court it is in far better position to judge the injunctive needs, if any, of these people and to enforce any remedy it might choose to grant.

*Rachel* and *Peacock*, contrary to the defendants' argument, support the position this court has taken. In *Rachel* the defendants alleged that they were indicted in a Georgia state proceeding for criminal trespass resulting from their peaceful efforts to obtain service at privately owned Alabama restaurants open to the general public, but not to members of the Negro race, and that these arrests occurred solely in the context of racial discrimination. The Court agreed that if the allegations were true, removal was warranted because

"The removal petition alleges, in effect, that the defendants refused to leave facilities of public accommodation, when ordered to do so solely for racial reasons, and that they are charged under a Georgia trespass statute that makes it a criminal offense to refuse to obey such an order. The Civil Rights Act of 1964, however, as Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964), made clear, protects those who refuse to obey such an order not only from conviction in state courts, but from *prose-*

*cution* in those courts. * * * Hence, if as alleged in the present removal petition, the defendants were asked to leave solely for racial reasons, then the mere pendency of the prosecutions enables the federal court to make the clear prediction that the defendants will be 'denied or cannot enforce in the courts of [the] State' the right to be free of any 'attempt to punish' them for protected activity. * * * The burden of having to defend the prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964 as construed in Hamm v. City of Rock Hill, supra." 384 U.S. at 804–805, 86 S.Ct. at 1796.

In *Peacock*, the defendants alleged that while engaged in civil rights' activities in Greenwood, Mississippi, they were arrested and prosecuted for obstructing the public streets. They claimed these arrests were solely caused by state and city policies of racial discrimination. But the Court speaking, as it did in *Rachel,* through Mr. Justice Stewart denied removal and explained:

"In *Rachel* the defendants relied on the specific provisions of a pre-emptive federal civil rights law * * * that, under the conditions alleged, gave them: (1) the federal statutory right to remain on the property of a restaurant proprietor after being ordered to leave, despite a state law making it a criminal offense not to leave, and (2) the further federal statutory right that no State should even attempt to prosecute them for their conduct. * * The present case differs from *Rachel* in two significant respects. First, no federal law confers an absolute right on private citizens—on civil rights advocates, on Negroes, or anybody else— to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman. Second, no fed-

3. See also Naimaster v. NAACP, 296 F.Supp. 1277 (D.Md.1969), decided by C. J. Thomsen.

4. Upon written oath of either party this case may be removed to another county in Maryland, Rule 542, Maryland Rules of Procedure, Volume 9B of the Annotated Code of Maryland.

eral law confers immunity from state prosecution on such charges." 384 U. S. at 826, 86 S.Ct. at 1811.

The Court went on to hold:

> "To sustain removal of these prosecutions to a federal court upon the allegations of the petitions in this case would therefore mark a complete departure from the terms of the removal statute, which allow removal only when a person is 'denied or cannot enforce' a specified federal right 'in the courts of [the] State,' and a complete departure as well from the consistent line of this Court's decisions  *  *  *. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. *Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.*" 384 U.S. at 828–829, 86 S.Ct. at 1812. (Emphasis supplied.)

Thus, the clear teachings of *Rachel* and *Peacock* are that the two requirements of § 1443(1) must be met to justify removal under the federal civil rights removal statute. Those two requirements are (1) a right guaranteed by federal law, which (2) is denied or cannot be enforced in the State courts. In *Rachel* the Court held that the two requirements would be met and removal would be justified if the allegations were true because under a unique federal statute not only was it a federal civil right to be served in a place of public accommodation, but it was also a federal civil right *to be free from prosecution* for seeking to exercise that right. Thus, the indictment by the state court in violation of the defendants' right to be free from prosecution was evidence or proof that the defendants would "be denied or cannot enforce" their federal civil rights in the state courts.

In *Peacock*, which is more akin to the alleged situation here, the Court found the two requirements were not met because there was and is no federal right to obstruct a public street, and there is certainly no federal right to be free from arrest and prosecution under such charges. As Mr. Justice Stewart noted, if it was true that the arrests and prosecutions of the defendants were based on racial prejudice, where an attempt to deprive the defendant of civil rights guaranteed by federal law, then a grave injustice had been done, but the question then before the Court was limited to the removability of this case under § 1443 (1). To that the Court's answer was emphatic:

> "Unless the words of this removal statute are to be disregarded and the previous consistent decisions of this Court completely repudiated, the answer must clearly be that no removal is authorized in this case." 384 U.S. at 831, 86 S.Ct. at 1814.

■ The same is true here. No federal law permits a man to disturb and harass his neighbors and no federal law prohibits a neighbor from suing a neighbor to enjoin a possible nuisance. Yet, if the Sulton claim is true, if his neighbors are attempting to harass and deprive him of his right to own and enjoy his home in that community because of his race or his interracial marriage, then a grave injustice is being done to him. But Sulton has made no allegation, nor do I think he can in good faith make an allegation, that the judges and/or other officials of the state of Maryland, particularly of Prince George's County, have exhibited conduct which could possibly be construed as evidence that his federal civil rights will inevitably be denied by them.

In conclusion, the court notes that if the defendant's theory were accepted, federal court would have to hold, at the very least, evidentiary hearings in every case brought in the state court which the defendant alleged was motivated by racial prejudice. Such a result, aside from the immense administrative problems it

542

would pose, would sound the destruction of the independent state judiciary system and would establish a federal judiciary that was never intended by the Constitution or by Congress.

Wherefore, in consideration of the matters set forth in the above opinion, it is this fourteenth day of March, 1969, ordered that the plaintiffs' motion to remand this case to the Circuit Court of Prince George's County, Maryland, is hereby granted.