John Bell **WILLIAMS**, Governor of the State of Mississippi, et al.,
Plaintiffs,

v.

**TRI-COUNTY COMMUNITY CENTER,**
Defendant.

Civ. A. No. 4767.

United States District Court,
S. D. Mississippi,
Jackson Division.

Jan. 22, 1971.

Maurice R. Black, Asst. Atty. Gen., Jackson, Miss., P. Roger Googe, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for plaintiffs.

Barry H. Powell, John L. Maxey, II, Jackson, Miss., for defendant.

## OPINION OF THE COURT

DAN M. RUSSELL, Jr., District Judge.

The issue before the Court arises out of plaintiffs' motion to remand.

On September 18, 1970, plaintiffs filed an information against the above named corporate defendant in the Circuit Court of the First Judicial District of Hinds County, Mississippi, seeking a forfeiture of defendant's corporate franchises and privileges on the grounds that it has exceeded its corporate powers. Attached to the complaint are copies of the minutes of the organizational meeting, charter, by-laws, from which two pages are missing, and a copy of the approval by the then governor and the secretary of state. On October 23, 1970, defendant filed a petition to remove the action to this Court invoking jurisdiction by virtue of 28 U.S.C., Section 1443. On November 2, 1970, plaintiffs filed their motion to remand together with an answer to the petition for removal. On December 9, 1970, defendant moved to consolidate this action with a simultaneously filed cause, being Civil Action No. 4789, styled Tri-Community Center v. John Bell Williams, as Governor of the State of Mississippi, et al. On December 16, 1970, the day set for a hearing on the motion to remand, the United States of America filed its motion for leave to intervene in Cause No. 4767. Upon the government's insistence that it first be heard on the motion to intervene, the Court permitted it to do so for purposes of participating in argument on plaintiffs' motion to remand; however the order presented and signed, before the argument of plaintiffs as respondents was heard, included leave "to intervene for all purposes." At the conclusion of argument on both motions, and before the filing of any complaint in intervention, the Court requested briefs and indicated that, should a decision be reached to remand the case to the state court, a motion to vacate the order allowing the government to intervene would be entertained. Since the hearing, and on December 22, 1970, defendant moved for leave to amend its petition for removal by amending the prayer thereof by adding "and that plaintiff's action be thereupon dismissed by this Court."

As stated in Barron and Holtzoff, Wright's Edition, Federal Practice and Procedure, #109, pp. 536–7, if the

federal court is without jurisdiction, it must remand the case, and if lack of jurisdiction requires remand, the federal court may not take any further action in the case. Hedges v. Rudeloff, D.C., 196 F.Supp. 475. In the absence of affidavits establishing a conflict in facts, see Smith v. City of Jackson, 5 Cir., 358 F. 2d 705, the Court is limited to the pleadings as of the time removal was effected. Hedges v. Rudeloff, supra. The burden is on the petitioner and if federal jurisdiction is doubtful the case will be remanded. See Barron and Holtzoff, #109, pp. 538–40.

Turning to the complaint, officials of the State of Mississippi have filed what is commonly called a quo warranto proceeding, under Section 1120 et seq., of the Mississippi Code of 1942, against Tri-County Community Center, a Mississippi non-profit corporation, alleging that said corporation has exceeded its corporate powers and, upon a judgment of forfeiture and ouster, its effects should be placed in the hands of trustees. This action is obviously a state court proceeding and should remain there unless defendant can show its entitlement to removal.

Defendant relies on its right to remove under 28 U.S.C., Section 1443, which has two parts (1) and (2), and is as follows:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

■ That defendant cannot remove under part (2) is made clear in the holding of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, wherein Justice Stewart, speaking for the Court, traced the history of this part, and, in effect said, as the legislative history of this provision makes clear, part (2) applies only in the case of federal officers and persons assisting such officers in performing their duties under a federal law providing for equal civil rights.

As emphasized by Judge Tuttle of the Fifth Circuit Court of Appeals in a recent decision construing Section 1443(1), Thompson v. Brown, 434 F.2d 1092 (5th Cir. 1970), part (1) entitles removal for a person who is denied or cannot enforce in the state court *a right under any law* providing for the equal civil rights of citizens.

By way of summation of the allegations in the petition to remove, defendant set out that on September 8, 1967, it was duly incorporated in the State of Mississippi and was issued a charter as a non-profit, non-stock corporation; that the corporation adopted by-laws and began doing business. Its programs are operated for the purpose of providing services for poor people in Hinds, Madison and Rankin Counties, Mississippi, most of which poor are black people. On or about July 1, 1970, the corporation received from the Office of Economic Opportunity (OEO) a grant in excess of $1,000,000.00 for a health care delivery program to be carried out by the Jackson-Hinds Comprehensive Health Center, a component of Tri-County. Petitioner alleged that prior to the receipt of the grant the present Governor of the State of Mississippi exercised his power in vetoing the grant, which veto was overridden by OEO. The quo warranto proceedings were initiated on September 18, 1970, which action defendant contends is vexatious in nature

and another attempt on the part of the Governor to prevent petitioner from operating a health services program for the poor in Hinds County. On September 24, 1970, after the institution of the aforesaid quo warranto, defendant submitted to the appropriate state officials, articles of amendment to the charter heretofore granted specifically setting forth defendant's power to operate a health services program. Additionally, on September 25, 1970, the Jackson-Hinds Comprehensive Health Center filed an application for a charter as a non-profit, non-stock corporation. Defendant charges that plaintiffs have refused to act on either the amendments to defendant's charter, or on the application for a new charter, and that in any event all powers exercised by defendant corporation in the securing of the aforesaid grant and in operating its health program are within its original charter and authorized powers. Defendant alleges that the "rights" it is denied or cannot enforce in the state court accrue and grow out of rights secured by 18 U. S.C. § 245, which provides criminal penalties for whoever, by force or threat of force willfully injures, intimidates or interferes with any person or any class of persons from the right to participate in and enjoy the benefits of any program or activity receiving federal financial assistance. Defendant also avers that the state court proceeding denies its rights secured under 42 U.S.C. §§ 1981, 1982, and 1983 and the equal protection clause of the Fourteenth Amendment and the Thirteenth Amendment to the Constitution of the United States.

Plaintiffs, respondents to the petition for removal, denied that the quo warranto was vexatious or a continuing attempt to harass the defendant corporation. Plaintiffs admitted that ¡a proposed amendment to defendant's charter and a new corporate charter were received subsequent to the filing of the quo warranto proceedings; that they were being examined and studied by the Attorney General of the State of Mississippi, as required by law, but that any action on

his part was now being held in abeyance pending a decision herein on the motion to remand.

Neither side offered either affidavits or evidentiary matter, relying, as aforesaid, on oral argument and briefs. Cf: *Smith v. City of Jackson*, 358 F.2d 705.

■ If defendant is contending that the action of state officials in filing the information challenging whether or not the defendant corporation has committed ultra vires acts, is depriving defendant of its alleged right to participate in a program provided or administered by the United States, then defendant is accusing the state judiciary of an anticipated denial of defendant's rights. Put another way, defendant, in effect is saying that the state court has no right to try the quo warranto case for fear that the results might ultimately interfere with defendant's use of a federal grant. This is the type of action condemned in *Petition of Hagewood*, D.C., 200 F. Supp. 140, citing from a 1943 decision in *Hull v. Jackson County Circuit Court*, 6 Cir., 138 F.2d 820, thusly:

"The removal of a criminal prosecution or a civil cause under the statute in question because of the denial of a civil right or the enforcement of such a right must arise out of the destruction of such right by the constitution or statutory laws of the state wherein the action is pending. The statute does not justify federal interference where a party is deprived of any civil right by reason of discrimination or illegal acts of individuals or judicial or administrative officers. If the alleged wrongs are committed by officers or individuals the remedy is the prosecution of the case to the highest court of the state and then to the Supreme Court of the United States as the laws of the United States authorize."

The Court in the Hagewood case, speaking for itself said:

"We have no difficulty in perceiving reasons which caused Congress to place such limitations upon removal.

It is a fair presumption that a state trial court will adhere to the laws of the state. If such laws comport with the constitutional guarantees of equal civil rights, there is no practical reason for the federal court to displace local judicial process. On the other hand, if the state law itself would deprive a defendant of equal civil rights, the local court's fidelity to state law serves as reason to remove the trial of the cause to federal court. In such cases, removal lifts from the defendant the burden of challenging the state law through the appellate process and, if successful, having to submit to a second trial."

In 1969 in Schoen v. Sulton, D.C., 297 F.Supp. 538, the decision detailed an analysis of the holdings in both Greenwood v. Peacock, supra, and its companion case, Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, summarizing that the clear teachings of Rachel and Peacock are that there are two requirements of Section 1443(1) which must be met to justify removal— (1) a right guaranteed by federal law, which (2) is denied or cannot be enforced in the state courts. As to defendant's allegations in this case, certainly there is no federal right in a corporation to be free of a quo warranto proceeding.

As stated in Peacock, no federal law confers immunity from such charges. Again in Peacock, 384 U.S. on page 827, 86 S.Ct. on page 1812, the Court said:

"It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under Section 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. State of Georgia v. Rachel, supra; Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664."

More troublesome is the allegation that the involved state officials have refused to act on the proposed amendments or the proposed new charter application. It is apparent from the pleadings that both were filed after the information was initiated. Plaintiffs have pled that they are awaiting a ruling from this Court as justification for delaying official action. Under state law, and not necessarily because of a federal right, defendant is entitled to a decision from the respective officials whose duty it is to act on the proposals without unreasonable delay. See Section 5310.1, Mississippi Code of 1942. The Court feels that if the state court does not give relief on this issue, and if the action by state officials is unduly delayed, or arbitrarily or discriminatorily made, the doors may then open to federal jurisdiction. And further, if, in the course of a state trial on the quo warranto proceedings, defendant is denied equal rights under color of law then the circumstances may be such as to require federal injunctive relief.

The Court accordingly sustains the motion to remand and directs plaintiff's counsel to submit an order to this effect, and to submit an order vacating the order of December 16, 1971 granting leave to the government to intervene as improvidently or prematurely given. An order should also be submitted over-

ruling the motion to consolidate this action with that of Cause No. 4789.

As indicated above, the Court will by separate order to be presented by plaintiff's counsel in Cause No. 4789, retain jurisdiction of that cause, with a stay of proceedings therein pending the course of a state trial in Cause No. 4767, this day remanded.