**Lillie BRICKER et vir, Plaintiffs,**

v.

**FORD MOTOR COMPANY et al., Defendants.**

Civ. A. No. G–81–125.

United States District Court,
S. D. Texas,
Galveston Division.

May 22, 1981.

Ernest H. Cannon, Murphrey, O'Quinn & Cannon, Houston, Tex., for plaintiffs.

William C. Slusser, Baker & Botts, Houston, Tex., for defendants.

## ORDER

HUGH GIBSON, District Judge.

This case was removed to this Court from the 23rd Judicial District Court of Matagorda County, Texas. It is a personal injury case in which plaintiffs claim that defendants Ford Motor Company (Ford) and Von-Wil Ford, Inc. (Von-Wil), manufacturer and distributor of a 1977 Ford LTD purchased by plaintiffs, are liable to plaintiffs on strict liability and negligence theories. Plaintiffs have moved for remand of this case on the basis that diversity jurisdiction is lacking. The Court agrees and will remand the case.

Briefly stated, the facts and procedural history of this case are as follows: Plaintiffs purchased a 1977 Ford LTD from Von-Wil Ford. Plaintiffs allege in their complaint that "on September 17, 1980, in the 1400 block of Elm in Bay City, Matagorda County, Texas, ... plaintiff, Lillie Bricker, was struck by her 1977 Ford LTD which suddenly and unexpectedly shifted from what appeared to be parked position into reverse."

Plaintiffs filed this action against Ford Motor Company, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan, and Von-Wil Ford, a resident of Matagorda County, Texas, in the 23rd Judicial District Court of Matagorda County, on or about December 18, 1980. On April 30, 1981, Ford entered into an indemnity agreement with Von-Wil in which the defendants agreed "to hold ... Von-Wil Ford Inc., harmless and to fully indemnify it forever against any claim, loss, expense, damage, and/or attorneys fees arising out of or in any way connected with the claim or claims against Von-Wil Ford, Inc., asserted by plaintiff Lillie Bricker, et vir, in connection with the occurrences made the basis of this lawsuit."

On May 4, 1981, Ford filed its petition for removal. Ford alleges in its petition for removal and its opposition to plaintiffs' motion to remand that the case is removable because the execution of the indemnity agreement between Ford and Von-Wil rendered Von-Wil a mere formal or nominal party, and since such parties are not to be considered by the Court in determining whether diversity jurisdiction exists, complete diversity now exists between the real parties in interest.

Plaintiffs, on the other hand, contend that Von-Wil is not a mere formal party but a proper party and that plaintiffs seek the imposition of judgment against Von-Wil irrespective of who pays for it.

Essentially, the issue before the Court is whether an indemnity agreement between codefendants renders the indemnified defendant a nominal or formal party for diversity purposes. Neither the parties nor the Court has found a case indicating it to be so. Defendants rely, however, on the following cases in support of their position: *Salem Trust Co. v. Manufacturer's Financial Co.*, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924); *Nunn v. Feltinton*, 294 F.2d 450 (5th Cir. 1961), *cert. denied*, 369 U.S. 817, 82 S.Ct. 829, 7 L.Ed.2d 784; *Glenmede Trust Co. v. Dow Chemical*, 384 F.Supp. 423 (E.D. Pa.1974); *First National Bank of Chicago v. Mottola*, 302 F.Supp. 785 (N.D.Ill.1969), aff'd 465 F.2d 343 (7th Cir. 1972); *Hedges v. Rudeloff*, 196 F.Supp. 475 (S.D.Tex.1961); *Stonybrook Tenants Assn., Inc. v. Alpert*, 194 F.Supp. 552 (D.Conn.1961). Each is so clearly distinguishable that the Court declines to rely upon them as precedent for the defendants' position. *Salem Trust Co. v. Manufacturer's Financial Co.* was a stakeholder case. The Supreme Court specifically noted that no cause of action existed against Salem and that their only obligation was to pay the amount determined by the court. 264 U.S. at 189–90, 44 S.Ct. at 267, 68 L.Ed. at 631. In *Nunn v. Feltinton* the Court of Appeals for the Fifth Circuit held that three Illinois stockholders, who were represented by a Texas general receiver vested not only with possession of the property but with control of the title and authority to sue and representing the entire interest claimed by the shareholders and all rights of action in respect to it, were formal or unnecessary parties whose joinder did not prevent removal or defeat diversity jurisdiction. 294 F.2d at 455. In *Hedges v. Rudeloff*, plaintiffs, Texas residents, injured in an automobile accident with Richard Harris (who died as a result of the accident) sued Harris' administrator, Richard Rudeloff, a Texas resident, and Hartford Accident & Indemnity Company, Har-

ris' automobile liability insurer, a resident of Connecticut. The district court realigned the parties so that the administrator of the estate was made a plaintiff. Since diversity then existed, the court held removal was proper. 196 F.Supp. at 477. In *First National Bank of Chicago v. Mottola*, the court determined that the executor of the estate, not the residual legatees he represented, was the real party in interest. Since only the citizenship of the real party in interest controlled, the court found it had diversity jurisdiction. 302 F.Supp. at 791. *Stonybrook Tenants Assn. v. Alpert* was an action by Connecticut plaintiffs against two dissolved Connecticut corporations and two individual defendants, residents of New York. The court, after noting that only necessary and indispensable parties need be considered in determining diversity jurisdiction, held that the two corporations were not necessary or indispensable but formal parties whose joinder did not defeat diversity jurisdiction. The court considered whether the two dissolved corporations were necessary or indispensable in accordance with settled principles in that regard, such as the corporation's interest in the subject matter and claim involved and the court's ability to enter a final judgment which would not be unfair or inequitable to plaintiffs. *See Stonybrook Tenants Assn. v. Alpert*, 194 F.Supp. at 556–59; Fed.R. Civ.P. 19; Fed.R.Civ.P. 20. The court, after finding that the two Connecticut corporations had no interest in the subject matter or claims asserted in the action, and that a complete and fair judgment could be entered for plaintiffs in the defendants' absence, held that the dissolved corporations were not indispensable or necessary parties.

■ Consideration of the factors determinative in the *Stonybrook* case lead this Court to the conclusion that Von-Wil is a necessary party to this action. Von-Wil has a very real and subsisting interest in the subject matter of this action and the claim asserted against it. Even though it has an indemnity agreement with Ford, plaintiffs seek a judgment against Von-Wil, and if successful on the merits, will obtain a final

judgment against them upon which execution may issue. Additionally, the Court cannot enter a final judgment in this case only against Ford by virtue of the indemnity agreement. Plaintiffs are entitled, if they prevail, to a judgment against Ford and Von-Wil.

The Court has no difficulty with the general rule that the right of removal cannot be defeated by joining unnecessary or dispensable parties. However, this is not such a case. The Court is of the opinion that Von-Wil is a necessary party to this action. See generally Fed.R.Civ.P. 20; 7 Wright & Miller, Federal Practice & Procedure § 1657 (1972); 3A Moore's Federal Practice ¶ 20.06 (2nd ed. 1979). Since Von-Wil's presence in the case destroys diversity, the case must be remanded. *Bowerman v. Goodyear Tire & Rubber Co.*, 105 F.Supp. 119 (N.D.Tex.1952).

■ As a further ground for granting plaintiff's motion to remand, the Court notes that if a case is not removable when filed, generally it is only removable at a later date upon some voluntary action by the plaintiff which makes it removable. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967); *Winters Government Securities v. NAFI Employers Credit Union*, 449 F.Supp. 239, 241 (S.D.Fla.1978). See 1A Moore's Federal Practice ¶ 0.168 [3–5] at 487 n.38 and cases cited therein. Plaintiffs have taken no action which would make the case removable. It is by defendants' action alone that this case may be removable. This Court is of the opinion that defendants cannot create diversity jurisdiction where it otherwise does not exist by entering into an indemnity agreement.

In summary, the Court finds that this Court is without jurisdiction of this case and this case was improvidently removed for the following reasons:

1. Defendant Von-Wil Ford is a necessary party and therefore there is not complete diversity between the parties; and

2. Defendants may not through their own conduct in entering into an indemnity agreement create diversity to allow removal.

Therefore, it is ORDERED, ADJUDGED and DECREED that

1. Plaintiffs' Motion to Remand is GRANTED; and

2. This cause of action is REMANDED to the 23rd Judicial District Court of Matagorda County, Texas. The Clerk of this Court will forward all papers in this case to the Clerk of the 23rd Judicial District Court of Matagorda County, Texas.