**LANGDON BARBER GROVES, INC.,**
**d/b/a M.W. Fruit Company**
**Florida, Plaintiff,**

v.

**Maxine HAFFIELD and Fidelity and**
**Deposit Company of Maryland, a**
**Maryland corporation, Defendants.**

No. 86–8746–CIV–LCN.

United States District Court,
S.D. Florida,
West Palm Beach Division.

March 3, 1987.

John T. Kennedy of Warner, Fox & Seeley, Stuart, Fla., for plaintiff.

James O. Murphy of Byrd & Murphy, Ft. Lauderdale, Fla., for defendants.

## ORDER OF REMAND

NESBITT, District Judge.

This case is before the Court upon the Verified Motion to Remand Case to State Court filed by the Plaintiff LANGDON BARBER GROVES, INC., d/b/a M.W. FRUIT COMPANY FLORIDA (M.W. FRUIT) and the Response thereto filed by the Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND (FIDELITY). This case was removed to federal court by FIDELITY on December 29, 1986.

In 1985 M.W. FRUIT commenced this action in the Circuit Court for the Nineteenth Judicial Circuit in and for Indian River County, Florida against its employees and numerous other defendants for damages arising out of a so-called "kickback" scheme. According to the original complaint, M.W. FRUIT's employees were engaged in a "kickback scheme" whereby the employees caused M.W. FRUIT to pay inflated prices for the purchase and harvest of fruit in exchange for "kickbacks" to the employees. By a second amended complaint in the state action M.W. FRUIT added FIDELITY as a defendant. The second amended complaint sought to recover for the alleged dishonesty of M.W. FRUIT employees under the FIDELITY Bond allegedly issued for such purpose by FIDELITY. FIDELITY's response to the second amended complaint was to file its Petition for Removal.

M.W. FRUIT contends that the removal was improvident because complete diversity of citizenship between the parties is lacking and not all of the Defendants joined in the Petition for Removal. Further, M.W. FRUIT asserts that the claim against FIDELITY is not separate and independent and therefore can not be removed pursuant to 28 U.S.C. § 1441(c).

FIDELITY concedes that the only basis for removal of this action is that it is a separate and independent cause of action. It is FIDELITY's position that M.W. FRUIT's claim against it is separate and independent because the terms and conditions of the Fidelity Bond are unrelated to the "kickback scheme" perpetrated by M.W. FRUIT's employees.

28 U.S.C. § 1441(c) states:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed ...

The test for determining whether a claim is separate and independent was stated by the United States Supreme Court:

[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951).

A claim against an insurer or a surety is not separate and independent from the claims against those defendants whose actions are insured against. *Alfalfa Cubes, Inc. v. Dutton,* 618 F.Supp. 1425 (D.C.Kan. 1985) (claim against petitioner for failure to pay under bond for employee's dishonesty not separate and independent from claims against the dishonest employee); *Winters v. Hale,* 296 F.Supp. 125 (S.A.Ala.1968) (same); *Henry Kraft Mercantile Co. v. Hartford Acc. & Ind. Co.,* 107 F.Supp. 505 (W.D.Miss.1952) (same); *Doran v. Elgin Coperative Credit Ass'n,* 95 F.Supp. 455 (D.Neb.1950) (same). The claims asserted by M.W. FRUIT against FIDELITY to recover for the dishonesty of M.W. FRUIT employees under its Fidelity Bond are not separate and independent from the claims of M.W. FRUIT against its employees for dishonesty. Thus, this case was improvidently removed.

Accordingly, it is

ORDERED AND ADJUDGED that the Verified Motion to Remand Case to State Court filed by M.W. FRUIT be and the same is hereby GRANTED and the case is remanded to the Circuit Court of the Nineteenth Judicial Circuit in and for Indian River County, Florida pursuant to 28 U.S.C. § 1447(c) as it appears to this Court that the case was removed improvidently. The Clerk of the Court is directed to transfer the record of these proceedings to the Clerk of the Court for the Nineteenth Judicial Circuit.