## HENRY KRAFT MERCANTILE CO. v. HARTFORD ACCIDENT & INDEMNITY CO. et al.

### No. 892.

United States District Court
W. D. Missouri, Southwestern Division.

Oct. 7, 1952.

Gilbert Carter, Ewing, Ewing & Ewing, Nevada, Mo., for plaintiff.

John Murphy, J. Gordon Siddens, Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., for defendants.

RIDGE, District Judge.

The right of removal here, revolves around the construction to be given to Section 1441(c), Title 28 U.S.C.A., and more specifically the phrase "separate and independent claim or cause of action" as contained therein.

Plaintiff, a Missouri corporation, instituted this action in a State Court of Missouri against the corporate defendant, a Connecticut corporation, and against the individual defendant, a citizen of Missouri.

The claim made against the corporate defendant is founded upon an alleged contractual obligation; that is, a policy of insurance whereby the corporate defendant undertook to insure plaintiff in the sum

of $10,000 against loss of money belonging to plaintiff through the fraudulent or dishonest act or acts committed by any one or more of plaintiff's employees. The individual defendant Koehler is alleged to have been an employee of the plaintiff covered by said policy of insurance; and, while in the employ of plaintiff, with having unlawfully converted the sum of $13,875.73 of the plaintiff's money. The complaint prays judgment against the corporate defendant for the face amount of its insurance policy, $10,000, and the further sum of $5,000, damages for vexatious refusal to pay, as provided in Section 375.420 RSMo 1949, V.A.M.S., and against the individual defendant in the sum of $3,875.73, as a consequence of the above wrong.

The corporate defendant perfected removal proceedings to this Court on the ground that the complaint herein contains "a separate and independent claim or cause of action" as to it.

In the recent case of American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, the Supreme Court of the United States had occasion to consider the right of removability under § 1441(c), supra, and the interpretation to be given to the "separate and independent claim or cause of action" phrase therein, as intended by Congress in the 1948 Revision of the Judicial Code. In that case, the two insurance companies, defendants, having separate policies of insurance, insuring a single piece of property against loss by fire, . caused the removal of that suit brought by one Finn, in a Texas State Court, against said corporate defendants, and an individual defendant, a resident of Texas, the local agent of both the corporate defendants. Although it is not too clear from the opinion, it would appear that the plaintiff, Finn, there based her claim against the defendant insurance companies on the basis of their separate contractual liability to plaintiff for the fire loss sustained; while the claim against the agent, Reiss, was apparently founded in tort—either negligence or fraudulent misrepresentation—which the trial court and the Circuit Court of Appeals for the Fifth Circuit held to be "separate and independ-

ent of the other two claims." 181 F.2d 845, 846. The Supreme Court, construing the "separate and independent" phrase contained in § 1441(c), supra, and defining the present right of removal there authorized by Congress, specifically points out that said new section was intended to limit the present right of removal of actions from state courts to federal courts, and that, as a consequence of said limitation, "a separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare Barney v. Latham, 103 U.S. 205, 212, 26 L.Ed. 514, with the revised § 1441. Congress (the Court said) has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause of action." (Par. added.) American Fire & Cas. Co. v. Finn, 341 U.S. 11, 71 S.Ct. 534, 538. In considering the distinction which must now be made between the terms "controversy" and "cause of action," as generally understood under former Section 71, Title 28 U.S.C.A., as now limited by the "separate and independent" requirements of the present statute, for the purpose of testing removability, and giving effect to the Congressional intent of limiting and simplifying removal proceedings thereby, the Court ruled that "in a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies." 341 U.S. loc. cit. 12, 71 S.Ct. loc. cit. 539. The Court concluded that in light of the word "independent" contained in said section, "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441 (c)", (341 U.S. loc. cit. 14, 71 S.Ct. loc. cit. 540), giving rise to a right of removability thereunder.

In applying the principle which it had enunciated to the facts of that case, the Court said, 341 U.S. at page 16, 71 S.Ct. at page 541:

"The past history of removal of 'separable' controversies, the effort of Congress to create a surer test, and the

intention of Congress to restrict the right of removal leads us to the conclusion that separate and independent causes of action are not stated (in the complaint there considered). The facts in each portion of the complaint involve Reiss, the damage comes from a single incident. The allegations in which Reiss is a defendant involve substantially the same facts and transactions as do the allegations in the first portion of the complaint against the foreign insurance companies. It cannot be said that there are separate and independent claims for relief as § 1441(c) requires. Therefore, we conclude there was no right to removal."

■ It is to be observed from the ruling made in the Finn case, supra, that the fact that the liability of several defendants in a given action may be founded upon different forms of action, does not, standing alone, mean that there exist "separate and independent" claims or causes of action, giving rise to the right of removal where they arise from a single wrong. In Barney v. Latham, supra, it is pointed out by the first Removal Act, of September 24, 1789, a right of removal only existed where all the plaintiffs were citizens of the state in which the suit was brought, and all the defendants citizens of other states. That Act "made no distinction between a suit and the different controversies which might arise therein between the several parties; that is, Congress, when authorizing the removal of the suit, did not permit any controversy therein between particular parties to be carried into the federal court, leaving the remaining controversies in the state court for its determination. If the whole suit could not be removed, no part of it could be taken from the state court under the first Removal Act." Later, as pointed out in Barney v. Latham, Congress amended the Removal Act to provide for the removal of separable controversies. We need not consider such amendments here; they are fully reviewed in Barney v. Latham, supra. The point we here make is; that by the opinion in the Finn case, supra, the Court held that Congress has now effectively lim-

ited the right of removal nearly to the point as circumscribed by the original Removal Act. That is, that the "separate and independent" provision now contained in § 1441(c) only authorizes the removal of an action where several independent wrongs may be united in a single complaint which, if sued upon alone, would be removable; that where there is but one actionable wrong contained in the complaint, though separable controversies may ensue as a consequence thereof, no right of removal now exists.

■ The Circuit Court of Appeals for the Tenth Circuit, in considering the phrase "separate and independent" as now contained in § 1441(c), said, in Snow v. Powell, 189 F.2d 172, 174, that:

"The critical words 'separate' and 'independent' are used in the conjunctive and should be given their full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability. * * *

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

Applying the aforementioned concepts to the right of removal here asserted, it is clear that the claim against Hartford is associated with and contingent upon proof of the fact of unlawful conversion by the defendant Koehler as alleged in the complaint. Although one controversy arising therefrom is founded upon tort, and the other in contract, it is obvious that substantially the same set of facts is necessary to establish the liability of both defendants herein. The alleged tort of Koehler gives rise to the claim plaintiff here makes against the instant corporate defendant, and said claim is dependent upon proof of the single wrong Koehler is alleged to have committed. As a consequence, the corporate defendants' contract liability is not independent and separate from the claim plaintiff here makes against defendant Koehler, so as to authorize the removal

of this cause from the state court under § 1441(c), supra.

In Willoughby v. Sinclair Oil & Gas Co., 188 F.2d 902, 905, the Circuit Court of Appeals, Tenth ·Circuit, quoting Professor Moore in his conmmentary on the United States Judicial Code, said, regarding the terms "claim or cause ·of action," as used in § 1441(c), supra:

"Consistently with this concept of 'claim or cause of action,' Professor Moore says that where 'a group of operative facts give rise to a claim on the part of the defendant, as where several persons contribute to his injury and he sues one or more of them in one action, the plaintiff is proceeding on one cause of action and it is not removable under Section 1441(c).' Thus, 'where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of Section 1441 (c).' "

Compare also Felkins v. Transcontinental Bus System, 10 Cir., 190 F.2d 58; Bowerman v. Goodyear Tire & Rubber ·Co., D.C., 105 F.Supp. 119; and Mayflower Industries v. Thor Corp., 3 Cir., 184 F.2d 537.

In Cyclopedia of Federal Procedure (3d Ed.), Vol. 2, p. 279, it is stated:

"—a cause ·of action stated against a defendant may be said to be separate and independent where it has no direct or necessary relation to or connection with the relief sought against his codefendant, but is clearly the proper subject of a separate action. But a separate and independent claim or cause of action does not exist merely because the given plaintiff could have prosecuted his cause of action against a defendant seeking to remove without the joinder of any other defendant."

In the recent case of Doran v. Elgin Cooperative Credit Ass'n, D.C., 95 F.Supp.

455, 457, Judge Delehant, of the United States District Court for Nebraska, held that where. the liability, if any, ·of a defendant to a plaintiff rests upon a contract, and the liability of a codefendant is premised in tort, does not present a " 'separate and independent claim or cause of action' " giving rise to the right of removability where the liability of the former "inevitably depends upon the validity of the claim" made against the latter. 95 F.Supp. loc. cit. 459.

 In light of the foregoing ·authorities, it is my opinion that there does not exist in the instant case a "separate and independent claim or cause of action," within the meaning of § 1441(c), supra, notwithstanding plaintiff here premises his claim against the corporate defendant as a consequence of a contract between them, and that made against the individual defendant is the result of a tort, where both such claims arise as the consequence of "one actionable wrong" and the former is dependent upon the latter.

Therefore, the motion to remand herein should be, and the same is hereby, sustained; and this cause is remanded to the Circuit Court of Vernon County, Missouri, from whence it was sought to be removed.