**Philip M. WINTERS, Plaintiff,**

v.

**Edward Byron HALE et al., Defendants.**

**Robert C. SIMMONS, Jr., Plaintiff,**

v.

**Vergil HALE et al., Defendants.**

**Robert C. SIMMONS, Jr., Plaintiff,**

v.

**E. B. HALE et al., Defendants.**

**Civ. A. Nos. 4610–67 to 4612–67.**

United States District Court
S. D. Alabama, N. D.

March 22, 1968.

---

L. Y. Sadler, Jr., Camden, Ala., for Philip M. Winters.

Reeves & Stewart, Selma, Ala., for Robert C. Simmons, Jr.

James E. Clark, Birmingham, Ala., for National Surety Corp.

## OPINION

PITTMAN, District Judge.

In complaints filed in the Circuit Court of Wilcox County the plaintiffs have sued Edward Byron Hale, the Bank of Pine Apple, The Estate of the Bank of Pine Apple, The Federal Deposit Insurance Corporation, National Surety Corporation and others, seeking recovery of money and securities allegedly converted by the bank's president in the course of his business dealings with the plaintiffs. National Surety Corporation is the carrier of two bank employee dishonesty blanket bonds for the Bank of Pine Apple which plaintiffs are seeking to subject to their claims. Contending that the bonds are not available to satisfy the contingent claims of the bank's individual customers, and asserting that, in any case, its liability on the bonds will involve facts and issues of law separate from those of the main suit, National Surety, a New York Corporation, has petitioned for removal under 28 U. S.C. Sec. 1441(c). These cases are before the Court on plaintiffs' motions to remand.

The Court does not feel this dispute between the plaintiffs and National Surety constitutes "a separate and independent claim or cause of action" under 28 U.S.C. Sec. 1441(c) as that section has been interpreted by the Supreme Court in American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L. Ed. 702 (1951). The Reviser's notes to the statute stated that subsection (c)'s requirement of a separate cause of action would "somewhat decrease the volume of Federal litigation". In *Finn* the Court quoted that language in support of its conclusion that Congress had intended "to limit removal from state courts". *Id.* at 10, 71 S.Ct. at 538. The opinion pointed out that the revised language imposed a fairly strict standard:

> Of course, "separate cause of action" restricts removal more than "separable controversy." In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies.

*Id.* at 12, 71 S.Ct. at 539.

In order to give effect to the Congressional purpose to restrict the availability of removal, a broad definition of a cause of action was adopted. "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

Each of the plaintiffs in these cases is suing National Surety together with the other named defendants for a "single wrong" arising out of a transaction or series of transactions with the past president of the Bank of Pine Apple. Any recovery which one of the plaintiffs might have against National Surety must by its derivative nature be based upon the same operative facts concerning his dealings with defendant Hale. Thus judged according to the broad definition of cause of action adopted in the *Finn* case, it is clear that the claim against the petitioner for removal is not "separate and independent" from those asserted against the other

defendants. The portions of these actions involving National Surety are part of each plaintiff's single cause of action for conversion of his money and securities.

An order of remand has been entered in accordance with this opinion.