FRUGÉ, Judge.
This is a suit to recover $17,500 from an exemployee of the plaintiff, W. H. Hodges & Company, Inc., loaned by that exem-ployee to a customer in violation of the instructions of the employer and from Hartford Accident & Indemnity Corp., its bonding insurer.
The trial judge found that the defendant, Gerald Hodges, was liable for the amount because he had violated the instructions of his employer; however, he did not find that the acts by the employee were sufficient to constitute fraud or wrongdoings under the terms of the fidelity contract. Plaintiff, W. H. Hodges & Company, Inc., has appealed from that part of the judgment which denied its recovery against Hartford Accident & Indemnity Company. Defendant, Gerald Hodges, has appealed from that portion of the judgment holding him liable unto W. H. Hodges Company, Inc. We affirm.
W. H. Hodges is a livestock commission company making a profit by buying and selling cattle and making a commission on cattle sold through its barns. For a number of years, W. H. Hodges had been doing business with John Prather of Acadia Parish. On at least a couple of occasions, Mr. Prather had become indebted to W. H. Hodges and had mortgaged some of his property and his home to secure indebtedness. On the 30th of July, 1960, John Prather purchased cattle from W. H. Hodges & Company, Inc. and issued three *544 checks totaling $23,500 in payment for the cattle. After being notified by Mr. Prather’s bank that the checks would be returned NSF, Mr. Gerald Hodges, manager of the Crowley branch of W. H. Hodges, made a loan of $17,500 to Mr. Prather to be deposited in his bank to cover the checks already written. At the time of the transaction, Mr. Hodges marked the check as “an advance for cattle”. However, at that time, Mr. Prather had no cattle penned at the plaintiff’s business. Approximately 10 to 12 days after that loan was made, John Prather filed bankruptcy. Plaintiff’s first action was to enter a claim in the bankruptcy proceeding to secure a return of some of the money on the check as a loan, however, plaintiff subsequently discovered that there were no cattle securing the issuance of the check. It then instituted this suit against Gerald Hodges and Hartford Accident & Indemnity Company, Inc.
Gerald Hodges contends that the transaction made by him was no more than a bad business judgment mistake. However, the evidence indicates that Mr. Hodges was instructed by letter not to issue any further credit such as he gave to Mr. Prather. He acknowledged that letter but insisted that by a later telephone conversation he was given instructions to extend Mr. Prather’s credit for an additional week. This is denied by his superiors. The bookkeeper did testify that Mr. Prather was usually given till the following sale day to settle his account. However, that sort of credit extension only occurred when Mr. Prather had cattle at the barn. The transaction at hand was not such a credit arrangement, but was a straight out unsecured loan, a loan made at a time when Mr. Gerald Hodges knew Mr. Prather had little or no assets in his bank. Clearly, Mr. Hodges had no authority to make such a loan and had never made such a loan in the past.
Mr. Gerald Hodges does not contend that this was a usual business practice. Practically his only reason for saying that it was an acceptable business practice was that if the NSF checks were returned to his bank, his bank might not give W. H. Hodges instant credit for Mr. Prather’s checks in the future. However, he should have realized that if his superiors had already instructed him not to extend credit to Mr. Prather then there was a good chance that Mr. Prather was not going to be a business associate in the future. He was also aware at the time that he made the loan that W. H. Hodges had instituted a suit against Mr. Prather for recovery of other moneys owed where credit had been extended. Mr. Gerald Hodges knowingly violated his instructions when he made the loan and must be made to account for the loss.
W. H. Hodges contends that the acts of Gerald Hodges were sufficient to constitute fraud or misconduct under the terms on the indemnity bond contract; however, the evidence does not bear this out. The only factor indicating any personal interest on the part of Mr. Hodges to make this loan was that about a year before Mr. Prather had loaned Gerald Hodges approximately $1,000 to pay his income tax and at the time of the August 3rd loan, he still owed Mr. Prather approximately $500. There is no evidence in the record to indicate this had any influence on Mr. Hodges in making the personal loan to Mr. Prather. Curran & Treadaway v. American Bonding Co., 193 La. 763, 192 So. 335 (1939).
There is also no merit to the contention that the claim filed in the bankruptcy court estopped plaintiff from bringing this suit. It is clear that that claim was made under an erroneous comprehension of the true facts of the transaction.
For the foregoing reasons, the judgment appealed from is affirmed. One-half of the costs of this appeal is to be paid by W. H. Hodges & Company, Inc., appellant-appellee. The other half of the costs of this appeal is to be paid by Gerald D. Hodges, appellant.
Affirmed.