NATIONAL SAVINGS & LOAN ASSOCIATION, a Wisconsin Savings and Loan Association, Plaintiff,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Foreign Corporation, Paul H. Fons, Joseph M. Fons, Louis R. Fons, Jr., Steven H. Brandon, Harry L. Troy and Gary L. Troy, Defendants.

No. 79–C–607.

United States District Court,
E. D. Wisconsin.

Dec. 6, 1979.

William R. Steinmetz, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, Milwaukee, Wis., for plaintiff.

Thomas N. Klug, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for St. Paul Fire & Marine.

Gregory Gramling, Jr., Milwaukee, Wis., for Louis Fons.

James C. Kitelinger, Godfrey & Kahn, Milwaukee, Wis., for Steven H. Brandon.

Jason Scott Usow, Herbert L. Usow, S. C., Milwaukee, Wis., for Harry & Gary Troy.

Richard E. Reilly, Gimbel, Gimbel & Reilly, Milwaukee, Wis., for Paul Fons.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This case was originally filed in the Circuit Court for the County of Milwaukee, Wisconsin. The defendant, St. Paul Fire and Marine Insurance Company (St. Paul), removed the action to this Court pursuant to 28 U.S.C. § 1441(c). Two of the individual defendants, Harry and Gary Troy, have filed a motion to remand this action alleging there is no separate and independent claim against St. Paul. The plaintiff and other named defendants do not oppose or join in this motion.

In the complaint, plaintiff alleges that it purchased a blanket savings and loan bond in the amount of $1,755,000 from the defendant St. Paul. The bond allegedly protected the plaintiff from "any loss including any loss of property, 'by reason of any dishonest or fraudulent act of any of the employees, committed anywhere and whether committed alone or in collusion with others.'" (Complaint, ¶ 9). The complaint also alleges that during the effective period of the bond, the plaintiff discovered a loss and demanded that St. Paul cover it under the bond policy. The plaintiff further alleges that the losses resulted from dishonest and fraudulent acts of the defendants Paul, Joseph and Louis Fons who were employees of the plaintiff during the effective period of the bond. Plaintiff asserts that these defendants acted in concert with the other individual defendants to defraud the plaintiff. The alleged fraudulent action involved the concealment of Association employees' interest in certain loans as well as the employees' mishandling of other loans with other individual defendants. Plaintiff also contends the Association employees violated their fiduciary duty. Because of the terms of the bond, the plaintiff contends St. Paul is jointly and severally liable with the other defendants.

Section 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Under this rule, the Court must determine whether the complaint states "a separate and independent claim or cause" against St. Paul which is removable. *American Fire and Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950). If a separate and independent claim is made against the defendant St. Paul, then it would be removable because St. Paul is a foreign corporation. Thus, the Court would have original jurisdiction under 28 U.S.C. § 1332.

The Troy defendants contend that the complaint does not state a separate cause of action because the complaint seeks judgment jointly and severally against the insurance company and the other defendants. They also allege that the instant case is very similar to *Union Planter's National*

*Bank of Memphis v. CBS, Inc.*, 557 F.2d 84 (6th Cir. 1977). In *Union Planter's*, the court held that an action brought against individual guarantors of bank loans and CBS for alleged tortious acts was not removable. The court found that the actions of CBS were so interlocked with the other defendants' actions that there was no separate or independent cause of action.

Defendant St. Paul claims the actions are separate and independent because the plaintiff may prevail against either the individual defendants or the corporate defendant without prevailing against the other. *See W. H. Hodges and Co. v. Hartford Accident and Indemnity Co.*, 262 So.2d 542 (La.App. 1972); *World Exchange Bank v. Commercial Casualty Ins. Co.*, 255 N.Y. 1, 173 N.E. 903 (1930). In addition, the defendant alleges that there are two different relationships involved in this case and that the contractual allegations against it are based on a separate set of circumstances and facts.

The leading case in this area is *American Fire and Casualty Co. v. Finn, supra.* In *Finn*, the Supreme Court held that under section 1441(c), a suit against two foreign insurance companies and their resident agents was not removable because the complaint did not allege separate and independent causes of action against the foreign companies. The complaint named the insurance companies and their agents because the plaintiff was unable to ascertain who was liable for the loss. In making its determination, the Court stated: "that where there is a single wrong to plaintiff, for which relief is sought, arising from an [interlocking] series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* 341 U.S. at 14, 71 S.Ct. at 540. In reviewing the history of the amendment to 1441(c), the Court emphasized Congress' intent to restrict the removability of such actions. *Id.* at 10–11, 71 S.Ct. 534. In addition, the Court broadly interpreted the term cause of action to encompass not just a set of facts but an "unlawful violation of a right which the facts show." *Id.* at 13, 71 S.Ct. at 540.

Many commentators have asserted the language of *Finn* has virtually precluded the removal of cases under section 1441(c). *See* Wright, Law of the Federal Courts, § 39 at 156–57 (1977) *and* Wright, Miller and Cooper, Federal Practice and Procedure, § 3724 (1976).

In *Climax Chemical Co. v. C. F. Braun*, 370 F.2d 616 (10th Cir. 1966), the tenth circuit, however, opined that the language of *Finn* should not be read so broadly and that to remove under 1441(c), one need only show substantive separability. *Id.* at 619. In *Climax Chemical Co.*, the court held a separate and independent cause of action existed where the complaint alleged causes of action based on two separate contracts. The court held the alleged breach of each contract constituted a separate and independent cause of action.

Professor Moore has also expressed his belief that *Finn* does not preclude removal. In his treatise he states:

[when] two or more defendants individually act in such a manner that each has invaded a separate right of the plaintiff and thereby cause as many wrongs, the plaintiff has multiple claims against the several defendants individually; and . . . the claims are separate and independent within the intendment of 1441(c). 1A Moore's Federal Practice, ¶ 0.163[4–5] at 265 (1979).

In spite of the conflicting interpretations of *Finn, supra*, this Court finds that the instant case is one of those few cases that are removable under 1441(c). The cause of action against St. Paul is based on its contract with the plaintiff and it only indirectly involves the actions of the other defendants. St. Paul's argument that there are different burdens of proof and different damages claimed against the defendants is irrelevant. The most important factor in this case is that the defendant St. Paul was in no way involved in the action of the other defendants. Therefore, while its liability may arise from their actions, the basis of their liability is separate and their alleged breach of their bonding agreement is a separate wrong. There are, indeed, two

separate rights asserted by the plaintiff; a contractual right to reimbursement for its losses and a right for damages from the individual defendants for their tortious conduct. Unlike CBS in *Union Planter's, supra*, St. Paul was not in any way involved in the tortious acts resulting in the loss and, therefore, the Court finds that the claim against St. Paul is separate and independent. Therefore, the defendants' motion to remand must be and is hereby denied.

There is one remaining motion to be decided presently. The defendant St. Paul has filed a motion to strike paragraphs 22, 23, 24 and 27 of the plaintiff's pleadings. The plaintiff, however, has not filed any response.

Paragraphs 22, 23 and 24 deal with the status and disposition of certain criminal actions against some of the named parties. Paragraph 27 states a conclusion of law that the defendant St. Paul is jointly and severally liable with the other defendants for the plaintiff's losses.

St. Paul claims that paragraphs 22, 23 and 24 should be stricken because they are evidentiary pleadings and thus not proper under Rule 8 of the Federal Rules of Civil Procedure. In addition, the defendant claims that the alleged statements are inadmissible except for impeachment purposes if anything and, therefore, should be stricken.

▇ Under Rule 8 of the Federal Rules of Civil Procedure, a party is to set out his claim for relief in a short clear statement and all the old technicalities have been done away with. Evidentiary pleadings, however, are still considered improper and, therefore, the Court finds that paragraphs 22, 23 and 24 of the complaint must be and are hereby stricken.

Paragraph 27 states a conclusion of law which defendant St. Paul claims is improper and erroneous. Again, under the old pleading rules, a statement of a conclusion of law would be fatal to the complaint. Under the modern rules, however, the courts are not as concerned with pleadings which state conclusions of law. In this instance, however, the Court will grant the defendant its motion to strike paragraph 27, but it will also permit the plaintiff leave to file an amended complaint within 20 days of the date of this order.

In summary, the Troy defendants' motion to remand is denied and St. Paul's motion to strike paragraphs 22, 23, 24 and 27 is granted. The plaintiff, however, may file an amended complaint within 20 days of the date of this order.

SO ORDERED this 6th day of December, 1979, at Milwaukee, Wisconsin.