**Eddie THORNTON, Jr., Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Nelvia Miller, Individually, and Nelvia Miller d/b/a Witness Cab Company, Defendants.**

**No. 79–40232.**

United States District Court,
E. D. Michigan,
S. D. Flint.

May 22, 1980.

Rene J. Ortlieb, Flint, Mich., for plaintiff.

James L. Borin, Garan, Lucow, Miller, Lehman, Seward, Cooper & Becker, Detroit, Mich., for defendant.

Maurine Jones McKenna, Flint, Mich., for defendant Nelvia Miller et al.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

The instant suit was originally filed on October 1, 1979 in the Circuit Court for the County of Genesee. On October 25, 1979, Defendant Allstate Insurance ·Co. filed a petition for removal to this Court based upon diversity jurisdiction. The petition was consented to by Defendant Nelvia Miller d/b/a Witness Cab Co. On November 2, 1979, Plaintiff moved to remand to Circuit Court. Since that time, both Defendants have filed motions for Summary Judgment on Plaintiff's claims against them.[1]

Addressing the jurisdictional question first, this Court finds removal proper, but that this Court can assert jurisdiction over only a portion of this lawsuit. Therefore, a portion will be remanded to state court for further proceedings.

Since this finding turns in part upon an application of 28 U.S.C. § 1441(c) which uses the term "separate and independent claims," an examination of the facts underlying the lawsuit and of the claims and theories of recovery is in order.

---

1. Defendant Miller erroneously directed its motion to Counts 1, 2, and 3 despite fact that Defendant Miller is not named in Count 1.

Plaintiff's complaint alleges that on December 12, 1978, he was operating as a taxicab, a 1971 Chevrolet Station Wagon, owned by Nelvia Miller at which time he was feloniously assaulted and shot by a fare-paying passenger causing him total and permanent disability. Count 1 is a claim directly against Defendant Allstate Ins. Co. claiming Michigan No-fault Insurance Benefits pursuant to a policy which includes personal protection insurance coverage. Count II is a common law negligence action against Nelvia Miller and Nelvia Miller d/b/a Witness Cab Co. for failure to take adequate safety precautions. Count III is a claim against Defendant Nelvia Miller alleging a breach of the statutory duty to afford Workers' Compensation Insurance Benefits.

In its petition for removal, Defendant Allstate avers that it is incorporated in Illinois and maintains its principal place of business in a state other than Michigan and therefore asserts that there is diversity between itself and Plaintiff. Defendant Allstate asserts that on the face of Plaintiff's complaint, a separate and independent claim or cause of action is filed against Defendant Allstate along with an otherwise non-removable claim or cause of action filed against the remaining Defendants. Defendant therefore seeks to invoke this Court's jurisdiction over the separate and independent claim asserted against it or over the entire action pursuant to 28 U.S.C. § 1441(c).

Plaintiff submits that there are several compelling reasons to deny the petition to remove and to remand the entire cause to state court. The first is that there is no diversity jurisdiction inasmuch as Plaintiff, Defendant Allstate and Defendant Nelvia Miller d/b/a Witness Cab Co. are all citizens of Michigan for the purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441. In this regard, Plaintiff argues that Defendant Allstate has conducted sufficient business, has subjected itself to the special laws of the State of Michigan regulating insurance carriers and has sufficient ties to Michigan to be deemed a citizen of this state. Furthermore, Plaintiff makes passing reference to the language of 28 U.S.C. § 1332 which provides that in any direct action against an insurer under a contract of liability insurance to which action the insured is not joined as a Defendant, the insurance company shall be deemed a citizen of the state of which the insured is a citizen. Plaintiff also points out that the claims against Nelvia Miller and Witness Cab Co. are not otherwise removable and asserts that as a matter of public policy, this Court ought not assume jurisdiction over any portion of the lawsuit. Plaintiff asserts that the case involves a significant question of state law, namely the contractual provisions of insurance policies issued in conformity with state law, which should be decided by state tribunals.

■ 28 U.S.C. § 1441 provides the standards for removal jurisdiction. In general, an action is removable to federal court only if it might have been brought there originally. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3721 at 516 n.20 (1976 Ed. 1979–80 Supp.). The burden of establishing that removal is proper is on the Defendant, and all Defendants must join in the petition.

Further, 28 U.S.C. § 1441(c) provides that where a separate and independent claim which would be removable is joined with one which is not removable, the entire case may be removed or in its discretion, the court may remand all matters not otherwise within its original jurisdiction.

Preliminarily, it has been established by admissions of all parties that both Plaintiff and Defendant Nelvia Miller d/b/a Witness Cab Co. are citizens of Michigan. Thus there is no diversity between Plaintiff and Defendant Nelvia Miller.

■ Further, this Court finds Plaintiff's arguments regarding Defendant Allstate's citizenship to be unpersuasive and thus holds that Allstate is not a citizen of Michigan. A corporation is considered a citizen of any state in which it maintains its principal place of business. 28 U.S.C. § 1332. It is undisputed that Defendant Allstate is incorporated in Illinois and is not incorpo-

rated in Michigan. The controversy surrounds the Defendant's principal place of business. The representations made by Plaintiff do not fulfill the requirements of 28 U.S.C. § 1332 for determining the citizenship of a corporation.[2] Defendant Allstate on the other hand, has made an adequate representation as to its citizenship, and this court concludes that diversity has been established between Defendant Allstate and Plaintiff.

As far as Plaintiff's reference to the additional provision in 28 U.S.C. § 1332(c) is concerned, this is not the sort of direct action suit anticipated by that section since this action requires a construction of the contractual obligations themselves rather than a direct tort action against a tort liability insurer.[3] Thus, Defendant Allstate's citizenship will not be deemed to be the same as the insured.[4]

In order to remove this diversity action, under 28 U.S.C. § 1441(c), the action must satisfy certain statutory requirements.

■ While 28 U.S.C. § 1441(b) provides that removal of diversity actions is limited to those in which none of the Defendants is a citizen of the state in which the action is brought, that section must be read in conjunction with 28 U.S.C. § 1441(c). Thus, all Defendants to the separate claim or cause of action who have been properly joined and served must be non-citizens of the forum state. 14 *Wright* § 3724 p. 648. Thus, the citizenship requirement has been satisfied in this case where Defendant Allstate, a non-citizen of Michigan, is the only Defendant named in Count I.

■ Next, in order to satisfy 28 U.S.C. § 1441(c), Allstate must establish that the claim against it is separate and independent. Both federal and state law play a part in determining the removability of a case under § 1441(c). Federal law supplies the test as to what is a separate and independent claim or cause of action. State law is relevant in diversity cases in determining the nature of the claims to which the federal test is applied. Accordingly, state law determines the character of Plaintiff's claim and federal law determines whether the claim meets the standard of § 1441(c). The leading case on this precise point is *American Fire v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950). *See also Union Planters National Bank of Memphis v. CBS Inc.*, 557 F.2d 84 (6th Cir. 1966) for an application of the test set out in *Finn*. It should be pointed out that in light of the Congressional policy to limit the volume of litigation removed to federal court, very few cases have been deemed to fulfill the separate and independent claim or cause of action requirement. *See Finn supra; Union Planters supra* at 88.

In *Finn*, Plaintiff, a resident of Texas, instituted a suit in state court against two foreign insurance companies and their local agents to recover for property lost by fire, alleging in his complaint that one or the other company through its agent, insured the party and that the agent was responsible for anything that would result in the defeat of Plaintiff's recovery. The diverse Defendants removed to federal court asserting that the non-diverse claim against the Texas broker was within the court's § 1441(c) jurisdiction. The court held that the claims against the two foreign insurance companies were not separate. The court characterized the case as one involving a single wrong—the failure to make payment for the loss of the property and that the suit was against three Defendants only because it was not clear which of the parties were responsible for payment.

The court stated:

denying Plaintiff's Motion for Remand in *McElroy v. Mid-Century Insurance Co.*, Civil # 79–72033, (April 7, 1980). *See* letter of 4/4/80 from Defense Counsel James Borin.

**2.** Plaintiff also makes some inconsistent representations that Defendant does a majority portion of its business in Michigan and that it is probable that the volume of business Defendant Allstate writes in Michigan is equal to the volume it writes in perhaps any other state.

**3.** This Court agrees with the conclusion of Judge John Feikens as set forth in his order

**4.** In addition, the insured is a party to this action in Counts II and III, thus, also making § 1332(c) inapplicable.

Upon principle it is perfectly plain that the respondent suffered but *one actionable wrong* and was entitled to but *one recovery*, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. 341 U.S. 13, 71 S.Ct. 539–540, (emphasis added)

Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c). 341 U.S at 14, 71 S.Ct. at 540.

In *Union,* an action was brought in state court by a bank against a specialized recording company and individual guarantors of bank loans on the basis of their written instruments and against a full line recording company on the basis of its alleged tortious conduct. The Sixth Circuit addressed a variety of theories asserted by Defendant to show the claims against it were separate and independent. The Court held that the fact that the bank utilized separate counts to plead different legal theories did not automatically make them separate and independent, but rather that the complaint should be considered as a whole. The court also rejected Defendant's arguments that the fact that the causes of action were based upon different events and transactions and that different measures of damages were demanded, rendered the claims separate and distinct. The court held that the alleged transactions were sufficiently interlocked within the meaning of *Finn* so that the case was not removable on the ground that the claims were based upon different events and transactions.

■ In this case, Plaintiff suffered an assault while operating a taxicab owned by Defendant Nelvia Miller and insured by Allstate. He now seeks to recover from both parties on several theories. While the theories of recovery are distinct and include contract, common law negligence and a violation of a statutory duty, the fact that Plaintiff utilized separate counts to plead different legal theories does not automatically make them separate and independent.

*See Union, supra* at 88. Instead, the complaint must be viewed as a whole.

Upon review of *Finn* and *Union,* it becomes clear that if there ever was to be a separate and independent claim to be asserted which is appropriate to split from the remaining causes of action, such a case is this one where the Plaintiff's claim in Count I is a contractual claim in which the damages and liability are measured by the insurance contract and the claims in Count II and III are either tortious or based upon a violation of a statutory duty. On this issue, the instant action is an even better case to retain jurisdiction on one Count and remand the others than *National S. & L. Assn. v. St. Paul Fire and Marine Insurance Company,* 84 F.R.D. 425 (1979, E.D. Wis.), which case contains reasoning of more appeal than the overly broad interpretation of *Finn.*

■ This Court is not unmindful of the great reluctance of federal courts to split the actions so that one part is in federal court and others are remanded to state court. Further, this Court of limited jurisdiction is in sympathy with this great reluctance. Nevertheless, the power to split exists (there can be no doubt that), and if it does not apply to this case, it can never apply to any. There is simply no common thread between the claims other than Plaintiff having been shot while operating an auto as a taxi. In every other respect the claims asserted are separate, severable and independent. This Court also declines to assert ancillary federal jurisdiction over Counts II and III for there is no logical relationship of the operative facts in Count I to those of Counts II and III. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). Moreover, when the basis for federal court jurisdiction is diversity, rather than federal question, courts are even more reluctant to extend ancillary jurisdiction over claims of the Plaintiff against non-diverse Defendants, *Aldinger, supra.*

Thus, while the Court finds removal pursuant to § 1441(c) proper and hereby asserts

jurisdiction over the independent and separate claim against Defendant Allstate, the Court declines to assert jurisdiction over the remaining claims (Counts II and III) against Defendant Miller and remands Counts II and III to the state court from which it was removed.

IT IS SO ORDERED.