JERSEY PAVING COMPANY, INC., Plaintiff,

v.

FIDELITY & DEPOSIT COMPANY OF MARYLAND, et al., Defendants.
(3 cases).

Earl B. PANCOAST, Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, et al., Defendants.

Civ. A. Nos. 84–2431 to 84–2433, 84–3926.

United States District Court, D. New Jersey.

March 1, 1985.

As Amended April 11, 1985.

Michael D. Capizola, Capizola & Fineman, Vineland, N.J., for Jersey Paving Co.

Robert Edwards, Mount Holly, N.J., for Fidelity & Deposit Co. of Md.

John G. Hoffman, Salem, N.J., for Earl B. Pancoast.

Raymond H. Zane, Woodbury, N.J., for Lower Alloways Creek.

OPINION

BISSELL, District Judge.

At issue before the Court is the question of whether removal jurisdiction exists in each of the above cases pursuant to 28 U.S.C. § 1441(c). The non-resident removing defendant in each action (Fidelity & Deposit Company of Maryland—"Fidelity") asserts that any claim against it as a bonding company is "a separate and independent claim or cause of action, which would be removable if sued upon alone," accordingly "the entire case may be removed." *Ibid.* One plaintiff (Earl B. Pancoast) opposes removal jurisdiction in this Court. Of course, since the present question involves the Court's jurisdiction over the subject matter, it may be addressed at any time and should be considered by this Court *sua sponte* even in those three actions where no party is objecting to removal. *Fed.R.Civ.P.* 12(b)(1), 12(h)(3).

A brief description of the claims and procedural history of each action is appropriate:

(1.) *Jersey Paving Company, Inc. v. Fidelity & Deposit Company of Maryland and County of Camden,* USDC DNJ Civil No. 84–2431.

This action was originally filed on or about April 16, 1984 in the Superior Court of New Jersey, Chancery Division, *Camden County,* SCNJ Docket No. C1942–84. The Complaint is in two Counts, both ema-

nating out of Contract No. 83–8043C between Marandino Construction Co., Inc. (the prime contractor) and the County of Camden. Plaintiff allegedly is a paving subcontractor of Marandino which has been declared bankrupt. Plaintiff seeks payment of $16,000 for its work on "the construction of Collings Avenue, Camden County, New Jersey." The First Count is against the County of Camden to enforce a municipal mechanic's lien under N.J.S.A. 2A:44–146. The Second Count is against Fidelity (admittedly a Maryland corporation) upon its "performance and payment bond· guaranteeing that Marandino ... would make payment in full to all subcontractors." Defendant Fidelity filed an Answer in the state court and then removed the action to this forum on grounds of diversity of citizenship, alleging in its petition that the claims against it in the Complaint were "separate and independent claims and causes of action," from those against the co-defendant. Petition for Removal, ¶ 5.

(2.) *Jersey Paving Company, Inc. v. Fidelity & Deposit Company of Maryland and New Hanover Township,* USDC DNJ Civil No. 84–2432.

This action was also filed on or about April 16, 1984 in the Superior Court of New Jersey, Chancery Division, *Burlington County,* SCNJ Docket No. C1941–84. The Complaint mirrors that in item (1) above except that: the municipal contract was Contract No. 1982–1 between Marandino and defendant New Hanover Township; the paving work was allegedly performed on a designated parking lot in that municipality; and the amount due under this subcontract is allegedly $18,000. Both defendants filed Answers in the state court, and defendant Fidelity removed the action on the same grounds asserted in the first action discussed above.

(3.) *Jersey Paving Company, Inc. v. Fidelity and Deposit Company of Maryland and Lower Alloways Creek Township,* USDC DNJ Civil No. 84–2433.

This action was also filed on or about April 16, 1984 in the Superior Court of New Jersey, Chancery Division, *Salem County,* SCNJ Docket No. C1943–84. This Complaint mirrors those mentioned in items (1) and (2) above except that: the municipal contract was Contract No. 1366 between Marandino and Lower Alloways Creek Township; the paving work was allegedly performed on the "Buckhorn Road Culvert" in that municipality; and the amount due on this subcontract is allegedly $40,607.30. Defendant Fidelity filed an Answer in the state court and removed the action on the same grounds asserted in items (1) and (2) above.

(4.) *Earl B. Pancoast v. Fidelity and Deposit Company of Maryland and Lower Alloways Creek Township,* USDC DNJ Civil No. 84–3926.

This action was filed on or about August 21, 1984 in the Superior Court of New Jersey, Law Division, Salem County, SCNJ Docket No. L–053830–84. The Complaint is in three Counts, two against the municipality based upon a mechanic's lien and unjust enrichment, and the third against Fidelity as alleged bonder of Marandino. The contract is the same as that involved in item (3) above and apparently the action is based upon the same subcontract as that asserted by Jersey Paving Company, Inc. in that suit. Plaintiff Pancoast alleges that there is a balance due and owing to him of $23,112.26 for services and materials provided. Fidelity removed this action on the same grounds asserted in the other three matters.

On September 27, 1984 this Court entered an Order consolidating all of the above actions "for all purposes under Civil Action No. 84–2431." On October 12, 1984, under caption of the *Pancoast* action only, that plaintiff filed and served a Notice of Motion, returnable November 19, 1984, "for an Order summarily dismissing Petition for Removal." The Court treated that motion as one for remand to the state court. No defendant opposed the motion, and the supporting papers revealed the clear absence of the required diversity of citizenship between plaintiff and all defendants. Accordingly, on November 19, 1984,

this Court entered an Order remanding the *Pancoast* action to the Superior Court of New Jersey, Law Division, Salem County.[1]

Arguing excusable neglect in failing to oppose Pancoast's prior application, defendant Fidelity now moves to have the Court reconsider and vacate its November 19, 1984 Order. Since a jurisdictional question is involved, the Court has entertained Fidelity's motion.

Although counsel for both Pancoast and Fidelity have filed memoranda of law recognizing that the requirements of 28 U.S.C. § 1441(c) are determinative of this motion, neither supplied any decisional authority on the critical question of whether the claims against Fidelity are "separate and independent" from those asserted against the municipal defendants. This Court's own research has determined that they are not. Accordingly, the Order of Remand in *Pancoast* will stand. Furthermore, the Court will enter orders dissolving the consolidation of the *Jersey Paving Company* actions and remanding each of them to the state court in which it was originally filed.

If the claims against Fidelity were "separate and independent" they would be removable because there is admitted diversity of citizenship between the New Jersey plaintiffs and that Maryland corporation. Furthermore, under 28 U.S.C. § 1441(c) each of the cases involved herein would be removable in its entirety, though non-diverse claims could be severed and remanded in the Court's discretion. *Ibid.* If, however, the claims against Fidelity are not "separate and independent" from those against the New Jersey defendants, then the requisite complete diversity of citizenship between all plaintiffs and all defendants is lacking and each of these cases must be remanded. The four actions involved may be analyzed collectively because the relationship between the claims in each is identical.

Recognizing that there are decisions to the contrary (*e.g., National Savings & Loan Assoc. v. St. Paul Fire and Marine Ins. Co.*, 84 F.R.D. 425 (E.D.Wis.1979)), this Court determines that the greater weight of persuasive authority warrants remand of the present actions.

Particularly persuasive is *New England Concrete Pipe v. D/C Systems, Inc.*, 658 F.2d 867 (1st Cir.1981), where one of the claims by a plaintiff seeking payment for work done as a subcontractor on a construction project was "a claim against Westinghouse as the guarantor of Dwight's payment obligations under the general contract." *Id.* at 872. Westinghouse and Dwight (the only defendants whose citizenship was diverse to that of plaintiff) had removed the case without objection, and it proceeded to trial and judgment in the United States District Court for the District of Massachusetts. The Court of Appeals, *sua sponte*, raised the issue of removal jurisdiction which turned upon the meaning of "separate and independent claim or cause of action" as used in 28 U.S.C. § 1441(c). Adopting the "single wrong" test from *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Court in *Concrete Pipe* quoted from the *Finn* decision:

> ... where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

658 F.2d at 872, *quoting* from 341 U.S. at 14, 71 S.Ct. at 540.

The "single wrong" test has been adopted and applied by this Court as early as *Knight v. Chrysler Corp.*, 134 F.Supp. 598, 601 (D.N.J.1955), where Judge Foreman reasoned "that where the elements of damage are the same to both resident and non-resident defendants, that is, where full recovery from one defendant would bar further recovery from another, there can

---

1. Although not expressly stated therein, the operative effect of this Order was to vacate the Consolidation Order as to *Pancoast*'s case and leave it in effect as to the three *Jersey Paving* cases.

be no 'separate and independent * * * cause of action.'" *Knight* thus adopted the reasoning in Judge Goodrich's concurring opinion in *Mayflower Industries v. Thor Corp.*, 184 F.2d 537 (3d Cir.1950), cert. denied 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951).[2]

Predominantly, claims against sureties have been held not to be separate and independent from those against other defendants arising from defaults by bonded parties to construction contracts. *Bd. of Governors ... Western Illinois University v. Weber, Griffith & Mellican*, 426 F.Supp. 483 (S.D.Ill.1977); *Bd. of County Commissioners, Dade County, Florida v. Blount Bros. Corp.*, 348 F.Supp. 177 (S.D. Fla.1972); *City of Philadelphia v. DeSabato, Inc.*, 347 F.Supp. 308 (E.D.Pa.1972) (invoking both *Finn* and *Knight*). The same result is customarily reached in other actions involving a surety as one of several defendants, such as those concerning fraud by bonded employees. *Winters v. Hale*, 296 F.Supp. 125 (S.D.Ala.1968); *Henry Kraft Mercantile Co. v. Hartford Acc. & Ind. Co.*, 107 F.Supp. 505 (W.D.Mo.1952); *Doran v. Elgin Cooperative Credit Ass'n*, 95 F.Supp. 455 (D.Neb.1950). See also *Scott v. Metropolitan Life Ins. Co.*, 450 F.Supp. 801 (W.D.Okla.1978), and *Penn Securities Co. v. Home Indem. Co.*, 418 F.Supp. 292 (M.D.Pa.1976), so holding in different contexts involving an insurer's liability.

In describing *Finn*, the *Concrete Pipe* Court gave an excellent description of the "single wrong" test.

> Though these two theories of recovery were distinct, they both derived from a single loss suffered by the plaintiff and thus were deemed by the Court not separate and independent of each other. Thus, what finally governed the Court's decision was the singularity of the harm the plaintiff sought to remedy, not the several reasons she gave to show her legal entitlement to that remedy.

*New England Concrete Pipe Corp., supra,* 658 F.2d at 872.

In each of the cases at bar, plaintiff seeks to remedy a single loss: non-payment for work done under a subcontract with Marandino Construction Company, now bankrupt. Recovery from either the municipal defendant or Fidelity will bar the claim against the other; only one recovery is permissible. The requirements of 28 U.S.C. § 1441(c) are not met. This Court's Order in *Pancoast* stands. Enclosed herewith are copies of the following Orders entered today:

(1.) Order vacating prior Order of Consolidation;

(2.) Orders in each of the three *Jersey Paving* cases remanding them to their courts of origin.

2. Coincidentally but not surprisingly, *certiorari* was denied in *Mayflower* on April 9, 1951, the same day that the Supreme Court issued its Opinion in *Finn*.