**ALFALFA CUBES, INC., a Kansas Corporation, and Lucas Investment, Inc., a Kansas Corporation, Plaintiffs,**

**v.**

**Paul DUTTON, R. Louise Dutton, H. James Maxwell, Joseph Stokey, Clubine and Rettele, Chartered, Union Insurance Company, Stone Post Hay, Inc., a Kansas Corporation, Defendants.**

No. 85 1509.

United States District Court, D. Kansas.

Oct. 8, 1985.

Robert L. Earnest, Russell, Kan., and Brice A. Tondre, Madden & Strate, P.C., Wheat Ridge, Colo., for plaintiffs.

Gerald M. Kraai, G. Steven Ruprecht, Margolin & Kirwan, Kansas City, Mo., Edward F. Arn, Arn, Mullins, Unruh, Kuhn & Wilson, Wichita, Kan., for Union Ins. Co.

Clarence L. King, Jr., King, Adrian, King & Brown, Salina, Kan., for Maxwell and Stokey.

Kenneth L. Cole, Russell, Kan., for Duttons and Stone Post Hay, Inc.

Aubrey G. Linville, Clark, Mize & Linville, Salina, Kan., for Clubine and Rettele, Chartered.

## MEMORANDUM AND ORDER

CROW, District Judge.

Plaintiffs contend this action now before the court was removed by defendant Union Insurance Company (Union) improvidently and without jurisdiction, and seek remand to state court pursuant to 28 U.S.C. § 1447(c). The court has determined that oral argument is unnecessary for resolution of this matter. See Local Rule 15(d).

Union petitioned for removal on the basis that plaintiff's claim against it is a "separate and independent claim or cause of action" under 28 U.S.C. § 1441(c). This section provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

If a separate and independent claim has been made against Union, a foreign corporation, the entire case would be removable, because this court would have original jurisdiction under 28 U.S.C. § 1332 on that claim, if sued upon alone. *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Gallagher v. Continental Insurance Company*, 502 F.2d 827, 831 (10th Cir.1974).

28 U.S.C. § 1441 specifies what actions are removable. 28 U.S.C. § 1446 outlines the procedure for removal. 28 U.S.C. § 1447 details the procedures after remov-

al, including when a case is to be remanded:

(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

A court can remand a case only when the statutory requirements for removal are not satisfied; consequently, a court cannot remand a case for discretionary reasons. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345 n. 9, 96 S.Ct. 584, 590 n. 9, 46 L.Ed.2d 542 (1976).

■ Generally, if a party removes a state court action to the federal court on the jurisdictional basis of diversity of citizenship and the other party seeks to remand challenging that basis for removal, the removing party has the burden to establish its right to a federal forum. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979).

A few well-settled principles will guide this court in considering the motion before it. By the enactment of § 1441(c), Congress intended to restrict the right of removal. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10–14, 71 S.Ct. 534, 538–40, 95 L.Ed. 702 (1951); *Snow v. Powell*, 189 F.2d 172, 174 (10th Cir.1951); 14A Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3724 (1985). *Cf. Climax Chemical Company v. C.F. Braun & Co.*, 370 F.2d 616, 618–19 (10th Cir.1966), *cert. denied* 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231 (1967). (The court in *Finn* was not "sounding the death knell of section 1441(c)....") Second, § 1441(c) is a jurisdictional statute which imposes a test to be determined as a matter of federal law. *American Mut. Liability Ins. Co. v. Flintkote Co.*, 565 F.Supp. 843, 848 (S.D.N.Y.1983); *Thornton v. Allstate Ins. Co.*, 492

F.Supp. 645, 648 (E.D.Mich.1980) (and cases cited therein.) Third, removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982).

■ In the application of § 1441(c) to the present case, the primary task is determining whether the claim against Union is "separate and independent" from plaintiff's other claims. The Tenth Circuit has defined the operative terms as follows:

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

*Snow v. Powell*, 189 F.2d at 174. Claims are not "separate and independent" simply because the petition contains separate prayers for relief; alternative prayers for relief; multiple theories of recovery; separate counts; claims with different requirements of proof; or allegations of joint, several, or joint and several liability. *American Mut. Liability Ins. Co.*, 565 F.Supp. at 848. See *Thornton*, 492 F.Supp. at 649.

The seminal decision interpreting § 1441(c) is *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn*, the Court concluded: "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. Utilizing this operative language, lower federal courts have applied essentially two tests: the single wrong to plaintiff, *Climax Chemical*, 370 F.2d at 618; *Gray v. New Mexico Military Institute*, 249 F.2d 28, 31–32 (10th Cir.1957), and the interlocked or related series of events. *Union Planters Nat. Bank v. CBS Inc.*, 557 F.2d 84, 89 (6th Cir.1977); *Scott v. Metropolitan Life Ins. Co.*, 450 F.Supp. 801, 803 (W.D.Okla.1978) (so closely related that the claims are interlocked.) See *Hudson v. Smith*, 618 F.2d

642, 645 (10th Cir.1980). The operation of these rules was discussed by the First Circuit:

> Although the "single wrong" rule resolves the removal question presented in this case, as it did in *Finn*, it should not be perceived as articulating an exhaustive test for applying § 1441(c). Even though an action implicates more than one wrong it may nevertheless fail to contain any separate and independent claims. What should determine the applicability of § 1441(c), however many wrongs may comprise a particular suit, is whether those wrongs arise from an interlocked series of transactions, that is, whether they substantially derive from the same facts.... [citations omitted]. If they do, the congressional objective to require "more complete disassociation," thus limiting the availability of removal, would not be served by accepting jurisdiction of the action.

*New England Concrete Pipe v. D/C Systems, Etc.,* 658 F.2d 867, 874 n. 12 (1st Cir.1981).

The single wrong test is best explained by reviewing its use. In *Finn*, the plaintiff, wanting to recover for property lost in a fire, sued two insurers on a contract theory and the local agent of the insurers for negligence. The Court identified the single wrong in *Finn* as "the failure to pay compensation for the loss on the property." 341 U.S. at 14, 71 S.Ct. at 540. It is significant that the Court chose to describe the single wrong as a singularity of *harm* instead of a violation of a particular right. *New England Concrete,* 658 F.2d at 872.

The Tenth Circuit's application of the single wrong test has been consistent with the *Finn* decision. The Tenth Circuit has stated the single wrong test, as follows:

> A pleading which alleges but one wrong, for which single relief is sought, cannot constitute a separate and independent claim, no matter how many defendants are said to be liable therefor, or how diverse their basis of liability.

*Gray v. New Mexico Military Institute,* 249 F.2d at 32 (footnote omitted). In *Gray,*

the plaintiff brought suit against the institute and its employers on theories of negligence and third-party beneficiary to a contract. The plaintiff also sought a declaratory judgment that the institute was negligent, that a contract of insurance existed between the institute and its insurer, that the insurer could not plead a defense of governmental immunity, and that plaintiff should recover from the insurer. 249 F.2d at 29–30. Applying *Finn,* the Tenth Circuit identified the single wrong as "the alleged negligence of the Institute and its employees." 249 F.2d at 31.

In two other significant decisions, the Tenth Circuit has found more than one wrong. In *Climax Chemical,* plaintiff, seeking compensation for an inoperable plant, sued the general contractor and several subcontractors. Each subcontractor was alleged to be liable for the defective design and negligent construction of the particular component of the plant it had been responsible for completing. 370 F.2d at 617–18. Because the failure of any one component physically rendered the plant inoperative, plaintiff's loss of the plant was an ultimate result and not a single wrong. Plaintiff alleged more than a single wrong in claiming each subcontractor was liable for its performance on the particular component of the plant. 370 F.2d at 618. In *Gallagher v. Continental Insurance Company,* 502 F.2d at 832, the complaint alleged two wrongs, the nonperformance of one contract and a payment under another invalid contract.

In the determination of whether a separate and independent claims exists, plaintiffs' entire pleading is controlling. *Finn,* 341 U.S. at 14, 71 S.Ct. at 540; *Thornton,* 492 F.Supp., at 649. Plaintiffs' complaint contains six claims for relief. First, plaintiffs allege Dr. Dutton breached his fiduciary duty as an officer and director of plaintiff corporations in not disclosing his conflicting interest in Stone Post Hay, Inc. and in participating in the sale of hay by Stone Post to plaintiffs at a price higher than what was available from other sources. Second, Mrs. Dutton breached her fiduciary

duty as controlling shareholder in plaintiff corporations by not disclosing her conflicting interest in Stone Post. Third, allegations of fraud, deceit, and misrepresentation are made against Dr. Dutton and Mrs. Dutton for the same acts. Fourth, plaintiff alleges two attorneys retained for arranging a securities offering breached their fiduciary duty and were negligent in not discovering and disclosing the Duttons' conflicting interests. Fifth, the plaintiff's accountants breached their fiduciary duty and were negligent in not discovering and disclosing the Duttons' conflicting interests. Sixth, plaintiff alleges Union Insurance Company breached its contract and acted in bad faith in refusing to pay plaintiffs' claim under a commercial blanket bond for the losses sustained by the Duttons' acts of dishonesty. On the first three claims, plaintiffs prayed for an accounting and recovery of profits from Stone Post, the payment of all expenses in the abandoned public offering, the return of all plaintiffs' shares issued to Mrs. Dutton, and attorney fees and costs. On the fourth and fifth claim, plaintiffs prayed for the payment of costs of the abandoned public offering and attorney fees. On the sixth claim, plaintiff prayed for actual damages in excess of $10,000 and exemplary damages.

In opposing the motion to remand, Union primarily relies on two decisions, *Thornton v. Allstate Ins. Co.*, 492 F.Supp. 645, and *National S. & L. Ass'n. v. St. Paul Fire, Etc.*, 84 F.R.D. 425 (E.D.Wis.1979). The court is not persuaded by the reasoning in either decision. In both cases, the courts mistakenly focused on the particular rights of plaintiff violated instead of the single harm done to plaintiff. In *Thornton*, the plaintiff was assaulted while operating a taxicab owned by one defendant and insured by the other defendant. 492 F.Supp. at 649. The court in *Thornton* identified the contractual claim against the insurance company as separate and independent from the claims made against the taxicab owner for negligence and a violation of statutory duty. The *Thornton* decision conflicts with the reasoning of the Tenth Circuit in

the *Gray* case. *See New England Concrete*, 658 F.2d at 873.

In *National S. & L. Ass'n. v. St. Paul Fire, Etc.*, 84 F.R.D. 425, plaintiff sued several of its employees for fraud and St. Paul for failure to cover, under the blanket bond, plaintiff's losses allegedly caused by employees' fraudulent actions. In finding the claim against St. Paul to be separate and independent, the court concluded that St. Paul had not been involved in the actions of the other defendants and that the contractual right to reimbursement is distinct from the right to damages for tortious conduct. 84 F.R.D. at 427–28. This reasoning is also inconsistent with the holding in *Finn* and *Gray*.

■ This court is convinced the better approach is a line of decisions holding that claims against the sureties are not separate and independent from the claims against the insured defendants or those defendants whose actions are insured against. *Jersey Paving Co. v. Fid. & Deposit Co. of Md.*, 603 F.Supp. 414, 417 (D.N.J.1985) (Bond on construction contract); *Winters v. Hale*, 296 F.Supp. 125, 126 (S.D.Ala.1968) (Blanket bond for employee's dishonesty); *Henry Kraft Mercantile Co. v. Hartford Acc. & Ind. Co.*, 107 F.Supp. 505, 507 (W.D.Mo. 1952) (Insurance policy covering losses caused by employee's fraudulent or dishonest acts); *Doran v. Elgin Cooperative Credit Ass'n*, 95 F.Supp. 455, 458–59 (D.Neb.1950) (Bond on faithful accounting of defendant Bank's employees). In the above cases, the courts stressed the presence of a single wrong and the contingency of any recovery from the insurance claim upon the validity of the other claims.

■ In the present case, plaintiffs have suffered a single wrong, the Duttons' alleged breach of their fiduciary duties. Plaintiffs' recovery from Union inevitably depends upon the claims against the Duttons. *See Doran*, 95 F.Supp. at 458–59. The same facts, regarding an interlocked series of transactions, must be proven to establish the liability of the Duttons and

Union. *See Winters,* 296 F.Supp. at 126; *See Henry Kraft,* 107 F.Supp. at 507.

IT IS THEREFORE ORDERED that plaintiff's motion to remand is granted and the entire case is remanded to the state court.